279 P.3d 633

**Sherryl MADISON, Plaintiff/Appellant,**

v.

**Cyler and Roxanne GROSETH; Executive Trustee Services, LLC; Residential Funding Company, LLC; Mortgage Electronic Registrations Systems, Inc.; GMAC Mortgage, LLC, Defendants/Appellees.**

**No. 1 CA–CV 11–0222.**

Court of Appeals of Arizona,
Division 1, Department A.

June 5, 2012.

Sherryl Madison, Glendale, Plaintiff/Appellant in Propria Persona.

Evans, Dove & Nelson, PLC By Douglas N. Nelson, H. Lee Dove, Trevor J. Fish, Phoenix, Attorneys for Defendants/Appellees Groseth.

## OPINION

TIMMER, Judge.

¶ 1 This appeal requires us to address the applicability of Arizona Revised Statutes ("A.R.S.") section 33–811(C) (West 2012),[1] which mandates waiver of all defenses to a trustee's sale if the objecting party fails to obtain an injunction before the sale date, when a trustor asserts the trustee failed to provide proper notice of the sale. After interpreting § 33–811(C), we decide Sherryl

Madison waived all defenses and objections to the trustee's sale of her property. Because the validity of that sale underlies the tort claims she asserts against the successful bidders at the sale, the superior court correctly dismissed Madison's complaint for failing to state a cognizable claim pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6).

¶ 2 The court erred, however, by declaring Madison a vexatious litigant and restricting her ability to file future lawsuits against the Groseths or anyone else concerning the property sold at the trustee's sale. To impose such restrictions, the court was required to find Madison's existing and prior lawsuits were frivolous or harassing; it failed to do so.

¶ 3 For these reasons, we affirm the judgment insofar as it dismisses Madison's complaint, but we reverse that portion of the judgment declaring Madison a vexatious litigant and restricting her ability to file future lawsuits.

## BACKGROUND[2]

¶ 4 In July 2006, Madison borrowed money from American Bank and Trust Company ("ABT") to purchase real property located in Glendale, Arizona ("Property"). She signed a promissory note and executed a deed of trust (the "Deed of Trust") on the Property as security for the loan. Madison initially made payments to GMAC Mortgage, L.L.C. ("GMAC") on the note, but stopped around October 2007 due to her distrust of GMAC.

¶ 5 Sometime before March 25, 2008, Mortgage Electronic Registration System, Inc. ("MERS") purportedly substituted for ABT as beneficiary under the Deed of Trust. Thereafter, MERS substituted Executive Trustee Services, LLC ("Executive Trustee") as trustee under the Deed of Trust. On June 18, 2009, Executive Trustee recorded a Notice of Trustee's Sale, which reflected a scheduled sale of the Property for September

---

1. Absent material revision after the date of the events at issue, we cite a statute's current Westlaw version.

2. When reviewing the propriety of a Rule 12(b)(6) dismissal, we assume the truth of well-pleaded facts alleged in the complaint. *ELM Retirement Ctr., LP v. Callaway*, 226 Ariz. 287, 289, ¶ 5, 246 P.3d 938, 940 (App.2010).

22, 2009, and provided that Notice to Madison.[3] Executive Trustee continued the trustee's sale to March 25, 2010.

¶ 6 Madison filed a complaint in superior court (CV2010–050099) on February 19, 2010, against GMAC seeking to enjoin the foreclosure sale and obtain other relief. She simultaneously recorded a lis pendens on the Property. But Madison did not seek to preliminarily enjoin the March 25 sale, and it went forward. Appellees Cyler and Roxanne Groseth purchased the Property and received the trustee's deed upon sale. After Madison refused to vacate the Property, the Groseths filed suit (CV2010–005092) and obtained a judgment on June 25, 2010 finding Madison guilty of forcible detainer and granting the Groseths immediate possession of the Property. The court issued a writ of restitution on November 2 directing the county sheriff to remove Madison from the Property.[4] According to Madison's complaint, however, she possessed the Property as of early December.

■ ¶ 7 On December 7, Madison initiated this lawsuit against the Groseths and others alleging various tort claims and seeking return of the Property and an award of compensatory and punitive damages. The superior court granted all defendants' motions to dismiss the complaint pursuant to Rule

12(b)(6) and declared Madison a vexatious litigant at the Groseths' request after the parties briefed the issue, barring her from filing any further claims against the Groseths or others with respect to the Property without prior court approval. Madison filed a timely appeal, which challenges only the dismissal of her complaint against the Groseths and the court's designation of her as a vexatious litigant.[5]

## DISCUSSION

### I.  Motion to dismiss

■ ¶ 8 We review a judgment granting a motion to dismiss for an abuse of discretion, although we review issues of law, including issues of statutory interpretation, de novo.[6] *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11, 130 P.3d 978, 980 (2006). The superior court abuses its discretion when it misapplies the law. *State v. Jackson*, 208 Ariz. 56, 59, ¶ 12, 90 P.3d 793, 796 (App.2004). We will affirm only if the plaintiff is not entitled to relief under the version of events pled in the complaint. *Dressler*, 212 Ariz. at 281, ¶ 11, 130 P.3d at 980.

¶ 9 The Groseths moved to dismiss Madison's complaint on alternate bases: (1) Madison's complaint is barred by principles of res judicata and (2) Madison waived her objec-

3.  Before issuance of the Notice of Trustee's Sale, Madison filed a complaint in federal district court against GMAC, MERS, Executive Trustee, and others asserting multiple claims relating to the loan transaction and seeking both rescission of the note and damages. The district court dismissed the suit with prejudice against GMAC, MERS, Executive Trustee, and others in August 2009.

4.  The eviction proceedings experienced delay in several respects. Madison filed for bankruptcy protection in 2009, and the Groseths successfully petitioned to lift the automatic stay in October 2010. Prior to the trial on the complaint (CV2010–005092), Madison removed the case to federal district court, which subsequently remanded the matter to the superior court. Madison also filed a counterclaim, which the superior court dismissed. Madison additionally sought to enjoin enforcement of the writ of restitution in both CV2010–050099, which did not involve the Groseths, and in CV2010–005092. The superior court denied her requests in both suits.

5.  While this appeal was pending, Madison filed for bankruptcy protection and asserted 11 U.S.C.

§ 362 (2006) applied to automatically stay the appeal. We ordered supplemental briefing on the applicability of the stay, but only the Groseths complied with our order. We decide the automatic stay does not apply because this appeal concerns an action initiated and maintained by the debtor and does not involve any claims asserted against Madison. *See In re White*, 186 B.R. 700, 704 (B.A.P. 9th Cir.1995) (holding the automatic bankruptcy stay is inapplicable to lawsuits initiated by the debtor).

6.  The Groseths attached copies of Madison's federal complaint, the federal dismissal order, and the deed of trust to their motion to dismiss. These attachments did not convert the motion into one for summary judgment because they are matters of public record. *See Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64, ¶¶ 12–13, 226 P.3d 1046, 1050 (App. 2010) (holding that matters of public record, including a recorded lien, can be considered without converting a motion to dismiss into one for summary judgment).

tions to the trustee's sale pursuant to A.R.S. § 33–811(C) and therefore cannot prove her tort claims, which depend on her allegations the sale was invalid. The second argument is dispositive.

■ ¶ 10 Madison asserted claims for conversion[7] and fraud/deceit against the Groseths, alleging GMAC, MERS, Executive Trustee, and others wrongly sold the Property at the trustee's sale to the Groseths, who were not bona fide purchasers because they knew Madison had filed both a lis pendens and a lawsuit regarding title to the Property. She also alleged the Groseths committed trespass by entering the Property after they had obtained the trustee's deed and forcible detainer judgment because Madison lawfully possessed the Property due to defects underlying the trustee's sale. The Groseths argue Madison cannot establish these claims as a matter of law because she waived any challenge to the propriety of the trustee's sale by failing to obtain an injunction of the sale as required by A.R.S. § 33–811(C). Madison counters § 33–811(C) is inapplicable because Executive Trustee "did not fulfill [its] obligation under 33–811(C) before issuance of the Trustee's Deed," and therefore enforcing that provision denied her due process. Although Madison does not explain Executive Trustee's purported lapse, she argued to the superior court that Executive Trustee could not "provide proof that the Trustor [Madison] was mailed a notice of sale per the statute."

¶ 11 Section 33–811(C) provides in relevant part:

The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33–809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. Mountain standard

time on the last business day before the scheduled date of the sale. . . .

We reject Madison's assertion that § 33–811(C) does not apply to bar her tort claims because the Groseths failed to prove that Executive Trustee mailed her notice of the trustee's sale. The plain language of § 33–811(C) does not require the trustee to comply with the mailing requirements of § 33–809 for the waiver provision to apply later to the trustor. *See Mathews ex rel. Mathews v. Life Care Ctrs. of Am., Inc.,* 217 Ariz. 606, 608, ¶ 6, 177 P.3d 867, 869 (App.2008) (holding court looks first to the plain language of a statute to discern legislative intent). Compliance with § 33–809 is only required to apply the waiver provision to other persons who must be given notice pursuant to that statute. A.R.S. § 33–811(C). Although § 33–809(C) mandates service on trustors, we decline to interpret the reference to § 33–809 in § 33–811(C) as requiring service on trustors as a prerequisite to application of the waiver provision; this interpretation would render the separate reference to the "trustor" in § 33–811(C) superfluous. *Devenir Assocs. v. City of Phoenix,* 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991) ("The court must, if possible, give meaning to each clause and word in the statute or rule to avoid rendering anything superfluous, void, contradictory, or insignificant.").

■ ¶ 12 We recognize that, under other circumstances, § 33–811(C) may apply to deprive a trustor of due process if that trustor is not given sufficient notice of the trustee's sale to obtain an injunction of the sale. *See Cook v. Losnegard,* 228 Ariz. 202, 206, ¶ 18, 265 P.3d 384, 388 (App.2011) (" 'Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner.' ") (citation omitted). But the record here reveals Madison received notice sufficient to obtain a preliminary injunction. She averred in her complaint she received the notice of trustee's sale, she filed a lawsuit seeking to stop the sale approximately one month prior to the

---

7. Although not asserted as a basis for the motion to dismiss, to avoid future confusion, we note that a conversion claim applies only to chattels, not real property. *SWC Baseline & Crismon Investors, L.L.C. v. Augusta Ranch Ltd. P'ship,* 228

Ariz. 271, 292, ¶ 99, 265 P.3d 1070, 1091 (App. 2011); *Strawberry Water Co. v. Paulsen,* 220 Ariz. 401, 407–08, ¶ 14, 207 P.3d 654, 660–61 (App. 2008).

sale, and she attended the sale. Madison never asserts she was given inadequate notice of the sale, and no reason appears why she could not have sought a preliminary injunction prior to the sale. Consequently, application of the waiver provision of § 33–811(C) did not deprive Madison of due process.

¶ 13 Madison also argues § 33–811(C) does not apply because the Groseths knew of the lis pendens before the trustee's sale. Our supreme court recently rejected this argument, reasoning a lis pendens is a procedural device that neither establishes a claim nor elevates a claim above a pre-existing deed of trust for purposes of conveying clear title via a trustee's deed. *BT Capital, LLC v. TD Service Co. of Ariz.*, 229 Ariz. 299, 275 P.3d 598, 633 Ariz. Adv. Rep. 38, ¶ 14 (2012). The court then noted that to conclude a lis pendens negates the waiver provision of § 33–811(C) would render that provision ineffective "because a party that failed to obtain an injunction preventing the sale ... could nonetheless preserve its objections merely by filing a lawsuit and *lis pendens*." *Id.*

¶ 14 Likewise, we reject Madison's assertion that the Groseths are not bona fide purchasers and § 33–811(C) therefore does not apply to waive her defenses and objections to the sale. We need not decide whether the Groseths are bona fide purchasers. The plain language of § 33–811(C) does not condition the applicability of the waiver provision on the existence of a bona fide purchaser. Adoption of Madison's argument would require us to rewrite the statute, which is beyond our authority. *See New Sun Bus. Park, LLC v. Yuma Cnty.*, 221 Ariz. 43, 47, ¶ 16, 209 P.3d 179, 183 (App.2009) (noting the courts "are not at liberty to rewrite [a] statute under the guise of judicial interpretation.").

¶ 15 It is undisputed Madison did not obtain an injunction prior to the trustee's sale of the Property. By operation of § 33–811(C), therefore, she waived all defenses and objections to the sale. When the Groseths received the trustee's deed, they obtained title to the Property and all Madison's interests and claims to the Property were extinguished, including her purported rights of possession due to acts of conversion and fraud/deceit. A.R.S. § 33–811(E). Additionally, when the Groseths obtained the forcible detainer judgment, they had an immediate right to possess the Property and could not be held liable for trespass. *See Cannon v. Ariz. Game & Fish Comm'n ex rel. Attorney General*, 85 Ariz. 1, 5, 330 P.2d 501, 504 (1958) (holding that a forcible entry and detainer judgment is res judicata as to the right to possession until a separate action to establish title is filed); Restatement (Second) of Torts § 185 cmt. d (1965) (recognizing that ones with an immediate right to possession of land do not subject themselves to liability for trespass on land). In sum, because Madison's tort claims depend on her objections to the validity of the trustee's sale, and she has waived those objections, her tort claims cannot survive as a matter of law. The trial court therefore properly dismissed Madison's complaint pursuant to Rule 12(b)(6). In light of our decision, we need not address the parties' remaining arguments concerning dismissal.

## II. Vexatious litigant

¶ 16 Madison finally argues the superior court erred by declaring her a "vexatious litigant" and ordering her to refrain from filing additional lawsuits against the Groseths or anyone else concerning the Property without court approval.[8] Madison contends she merely acted to save her home and the record is devoid of evidence she acted intentionally or maliciously to harm any defendant. The Groseths contend the court did not err because Madison has filed multiple lawsuits

---

8. A court typically enters an administrative order to declare a person a "vexatious" litigant and place conditions on future filings. Because we do not have appellate jurisdiction over administrative orders, *see* A.R.S. § 12–2101, we must exercise special action jurisdiction to review such orders. Because the vexatious litigant finding and resulting limitations in this case are part of the judgment and relate solely to the Property at issue in the lawsuit, the court essentially granted the Groseths injunctive relief, which is appealable. A.R.S. § 12–2101(A)(5)(b). The propriety of the court's ruling, therefore, is properly before us on appeal.

regarding the Property and employed various dilatory tactics to prevent the Groseths from possessing the Property.

¶ 17 Arizona courts possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits. *See Acker v. CSO Chevira*, 188 Ariz. 252, 254, 934 P.2d 816, 818 (App.1997) (defining a court's inherent authority as "such powers as are necessary to the ordinary and efficient exercise of jurisdiction"); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.1990) (recognizing strong precedent establishing inherent authority of federal courts "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances") (citation omitted). Because access to courts is a fundamental right, *DeVries v. State*, 219 Ariz. 314, 321–22, ¶¶ 22–23, 198 P.3d 580, 587–88 (App.2008), such orders must be entered sparingly and appropriately. *De Long*, 912 F.2d at 1147 (noting courts should rarely enter vexatious litigant orders, which serve as exceptions to the general rule of free access to courts).

¶ 18 In *De Long v. Hennessey*, the Ninth Circuit set forth principles for courts to observe when ordering pre-filing restrictions: (1) to satisfy due process, the litigant must be afforded notice and an opportunity to oppose the order, (2) the court must create an adequate record for appellate review that includes a listing of all cases and motions leading the court to enter the order, (3) the court must make " 'substantive findings as to the frivolous or harassing nature of the litigant's actions,' " and (4) the order "must be narrowly tailored to closely fit the specific vice encountered." [9]  *Id.* at 1147–48 (citation omitted).  We agree adherence to these principles is appropriate to ensure that a litigant's access to courts is not inappropriately infringed upon, and we therefore adopt them.

¶ 19 Madison does not contest that the superior court observed the first, second, and fourth *De Long* principles.  Rather, she argues the court erred because the record does not reveal that her existing and prior lawsuits concerning the Property were frivolous or harassing.  We agree.  The court supported its vexatious litigant finding as follows: "[A]s noted in Defendants' motions, Madison has filed no less than three lawsuits concerning the same loan and foreclosure of the same subject property—(not including a counterclaim also filed by Madison in a separate eviction action)."  The court did not make any findings that either the present case or prior lawsuits were frivolous or demonstrated a pattern of harassment.  Indeed, the court denied the Groseths' request for sanctions pursuant to Rule 11 and A.R.S. § 12–341.01(C), which mandates a fee award when a claim constitutes harassment, is groundless, and is not made in good faith.

¶ 20 We cannot construe the court's reference to the Groseths' motion as a finding that Madison's lawsuits were frivolous or constituted harassment.  First, the court referred to the Groseths' motion in reciting the number of lawsuits—not to describe their nature.  Second, the Groseths' motion did not provide a basis for a sufficient finding.  The motion recited the number of lawsuits filed regarding the Property or the underlying loan and noted all had been decided against Madison.  But the Groseths did not describe the claims asserted or provide any information that would have permitted the court to find that the lawsuits were frivolous or harassing.

¶ 21 In sum, a vexatious litigant order must rest on more than a recitation of the number of previously filed lawsuits. *De Long*, 912 F.2d at 1148; *see also Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) ("[A vexatious litigant] injunction cannot issue merely upon a showing of litigiousness.  The plaintiff's claims must not only be numerous, but also be patently without merit."); *In re Powell*, 851 F.2d 427, 431

---

9. In applying the latter two principles relating to identifying a vexatious litigant and fashioning an appropriate remedy, the Ninth Circuit has held a court can derive guidance from considering the following factors: (1) the litigant's history of litigation and the nature of prior lawsuits, (2) the litigant's motive in filing new lawsuits, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to others or unduly burdened the court, and (5) whether different sanctions would adequately protect other parties and the court. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–58 (9th Cir.2007) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1986)).

(D.C.Cir.1988) ("Overall, the district court should look to both the number and content of the filings as indicia of frivolousness and harassment."). Because the court failed to make any findings that Madison had filed frivolous lawsuits or engaged in a pattern of harassment that would justify future restrictions on access to the court, we reverse the portion of the judgment declaring Madison a vexatious litigant and imposing resulting restrictions.

## CONCLUSION

¶ 22 For the foregoing reasons, we affirm the judgment to the extent it dismisses Madison's complaint. We reverse the judgment to the extent it declares Madison a vexatious litigant and imposes restrictions on future lawsuits initiated by her regarding the Groseths or the Property. In light of the fact Madison has prevailed in part in her appeal, we deny the Groseths' request for attorneys' fees and sanctions.

CONCURRING: MAURICE PORTLEY, Presiding Judge and ANDREW W. GOULD, Judge.