NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

SAGE ADVICE INVESTMENTS, LLC, an Arizona limited liability
company, *Plaintiff/Appellee*,

*v.*

CHARLES A. HARRISON, an individual, *Defendant/Appellant*.

No. 1 CA-CV 12-0849
FILED 06-03-2014

_____

Appeal from the Superior Court in Maricopa County
No.  CV2011-010577
The Honorable J. Richard Gama, Judge

**AFFIRMED**

_____

COUNSEL

Lewis Roca Rothgerber, LLP, Phoenix
By Lawrence A. Kasten and Milton A. Wagner
*Counsel for Plaintiff/Appellee*

Windtberg & Zdancewicz, Tempe
By Michael J. Zdancewicz and Marc Windtberg
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge John C. Gemmill joined.

---

**C A T T A N I ,** Judge:

¶1        Charles A. Harrison appeals the deficiency judgment entered against Harrison and in favor of Sage Advice Investments, LLC ("Sage"). Harrison argues that there were procedural defects in the trustee's sale process, and that the superior court thus erred by entering the deficiency judgment. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In October 2006, Harrison issued a promissory note to Sage for the principal sum of $675,000. The note was secured by a deed of trust encumbering Harrison's 50 percent tenancy-in-common interest in undeveloped property near Wittman, Arizona. Harrison defaulted on the note by failing to make an installment payment when due in October 2010, or any other payments on the note due thereafter. At the time of default, Harrison owed over $800,000 on the note.

¶3        The note provided that, in the event of Harrison's default, Sage would be required to direct a trustee's sale of the property before suing on the debt. To that end, Sage instructed the trustee to notice a sale for April 2011. The trustee sent notice of the trustee's sale to Harrison by certified mail, initially addressed to a street address (owned but not occupied by Harrison) rather than the post office box stated as Harrison's mailing address in the deed of trust. The return receipt for this mailing, however, lists the post office box as the delivery address.

¶4        Sage purchased Harrison's interest in the property at the trustee's sale with a credit bid of $118,425. Sage then brought this action seeking to recover the deficiency.

¶5        Although Harrison agreed that he "defaulted on his obligations under the Note by, among other things, failing to make an installment payment on October 16, 2010," he moved for summary judgment, claiming a valid sale was a necessary prerequisite to Sage's deficiency action. Harrison asserted that the trustee's sale was void for

procedural irregularities (defectively-addressed notice and inadequate description of the trust property) and grossly inadequate price.

**¶6**        The superior court denied Harrison's motion on all grounds, finding a genuine issue as to adequacy of price but concluding the notice was properly mailed, the trust property adequately described, and that Harrison had waived his objections or defenses to the sale by failing to obtain a pre-sale injunction. *See* Ariz. Rev. Stat. ("A.R.S.") § 33-811(C).[1]

**¶7**        At the ensuing fair-market-value hearing, Harrison sought to present evidence relevant to his proffered procedural defenses to the trustee's sale, but the superior court precluded the evidence based on its ruling on the summary judgment motion. At the close of the evidentiary hearing, the court found that Harrison had defaulted on the note, and that Sage's credit bid exceeded the fair market value of Harrison's interest in the property. The court thus entered judgment in favor of Sage for $561,175.[2]

**¶8**        Harrison timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶9**        Harrison does not challenge the superior court's fair-market-value determination or its calculation of the deficiency amount, but rather argues the court erred by assessing liability on the note. We review de novo the superior court's legal conclusions regarding the validity of the trustee's sale. *See In re Estate of Newman*, 219 Ariz. 260, 265, ¶ 13, 196 P.3d 863, 868 (App. 2008) (stating legal conclusions are reviewed de novo); *Purvis v. Hartford Accident & Indem. Co.*, 179 Ariz. 254, 258, 877 P.2d 827, 831 (App. 1994) (stating that de novo review is appropriate where the superior court's "determination was based solely on documentary evidence consisting of letters and affidavits"). We review the superior

---

[1]        Absent material revisions after the relevant date, we cite the current version of a statute unless otherwise indicated.

[2]        The terms of the note limited Harrison's liability on default to the difference between the initial principal amount of $675,000 (not the over $800,000 then owed on the note) and the amount recovered at the trustee's sale, plus sale expenses.

court's rulings on the admission or exclusion of evidence for an abuse of discretion. *Ryan v. S.F. Peaks Trucking Co.*, 228 Ariz. 42, 46, ¶ 12, 262 P.3d 863, 867 (App. 2011).

**¶10** Harrison first asserts that the trustee's sale should not have proceeded because of deficiencies in the notice of sale and in the description of the property. Harrison thus argues that the sale was void and that Sage's deficiency action was premature. As relevant here, the promissory note provided that "[Sage] must first conduct a trustee's sale of the property to collect all sums due and payable under this Note, before commencing any action to collect the [debt]." Although Harrison acknowledges that Sage conducted a trustee's sale, he argues that the sale was void due to procedural defects, and "[t]he effect is that no trustee's sale has been conducted."

**¶11** Although Harrison claims procedural defects rendered the trustee's sale void, Harrison waived any defenses and objections to the sale by failing to obtain a pre-sale injunction. Under A.R.S. § 33-811(C), the trustor "waive[s] all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale." Harrison makes no claim that he filed an action to enjoin the sale, much less that he obtained a pre-sale injunction; to the contrary, he claims to have had no knowledge of the sale until after it was completed.

**¶12** Harrison argues that, because the trustee initially addressed the notice of sale to him at a street address (rather than at the post office box address listed in the deed of trust), he lacked timely notice of the sale such that applying the § 33-811(C) waiver would violate due process. *See also* A.R.S. § 33-809(C) ("The trustee, within five business days after the recordation of a notice of sale, shall mail . . . a copy of the notice of sale to each of the persons who were parties to the trust deed except the trustee. . . . The notice [of trustee's sale] shall be addressed to the mailing address specified in the trust deed.")

**¶13** In *Madison v. Groseth*, 230 Ariz. 8, 12, ¶¶ 11–12, 279 P.3d 633, 637 (App. 2012), this court "recognize[d] that . . . § 33-811(C) may apply to deprive a trustor of due process if that trustor is not given sufficient notice of the trustee's sale to obtain an injunction of the sale." We also held, however, that "[t]he plain language of § 33-811(C) does not require the trustee to comply with the mailing requirements of § 33-809 for the waiver

provision to apply later to the trustor." *Id.* at ¶ 11. The return receipt for the notice initially addressed to Harrison's street address reflects delivery at the post office box stated in the deed of trust. Delivery was effectuated on January 31, ten days after mailing but over ten weeks before the sale date. Even assuming that an initially incorrect mailing address (despite correct delivery) and a lack of evidence that the address was corrected within five days of recordation were violations of § 33-809(C), delivery to the address listed in the deed of trust over ten weeks before the date of the trustee's sale provided sufficient notice of the sale to satisfy due process. Because we conclude Harrison received adequate notice and waived any objections or defenses to the trustee's sale by operation of § 33-811(C), we need not further address his argument regarding the allegedly incorrect legal description of the trust property.

¶14        Harrison next contends that the superior court in effect denied him a trial on the merits by precluding evidence relevant to the alleged invalidity of the trustee's sale as a defense to liability. At the beginning of the evidentiary hearing, the superior court precluded Harrison's offer of testimony about the alleged procedural defects in mailing the notice of sale and describing the trust property. The court noted that it had considered and ruled on these allegations in addressing Harrison's motion for summary judgment.

¶15        In ruling on the motion for summary judgment, the superior court concluded as a matter of law that, *inter alia*, Harrison had waived his objections to the sale by failing to obtain a pre-sale injunction, but found genuine issues of material fact precluding judgment on the adequacy of Sage's credit bid. Although, as Harrison notes, the court did not enter judgment on liability in favor of Sage at that time, the only defense that remained for trial was the adequacy of the price paid at the trustee's sale. *See, e.g., In re Krohn*, 203 Ariz. 205, 214, ¶ 38, 52 P.3d 774, 783 (2002) (holding trustee's sale may be set aside for gross inadequacy of bid price). The superior court's conclusion that Harrison waived any defenses to the sale by operation of § 33-811(C)—a conclusion we now affirm—rendered evidence regarding the alleged procedural defects irrelevant to the issues to be addressed at the evidentiary hearing. Accordingly, the superior court did not err by precluding the irrelevant evidence. *See* Ariz. R. Evid. 402 ("Irrelevant evidence is not admissible.").

¶16        Harrison also contends that the court erred by entering judgment without any trial to determine liability. But the superior court's ruling denying Harrison's motion for summary judgment effectively granted Sage summary judgment denying Harrison's defenses (with the

exception of adequacy of price) as a matter of law. *See supra* ¶ 15. Although granting summary judgment for a non-movant may be a "close question," it may nevertheless be proper so long as "the original movant has had an adequate opportunity to show that there is a genuine issue and that his [or her] opponent is not entitled to judgment as a matter of law." *Johnson v. Earnhardt's Gilbert Dodge, Inc.*, 212 Ariz. 381, 386, ¶ 25, 132 P.3d 825, 830 (2006) (citations omitted and alteration in original). Here, although Sage did not cross-move for summary judgment, its response to Harrison's summary judgment motion clearly raised, as relevant here, its claim that Harrison had waived any objections or defenses to the trustee's sale by operation of § 33-811(C). Harrison had a full opportunity to respond to this argument, and in fact did so in his reply. Under these circumstances, we conclude the superior court did not err by ruling, in the process of denying Harrison's own motion for summary judgment, that Harrison had waived any objections and defenses to the sale as a matter of law.

¶17 Moreover, Harrison agreed that he had "defaulted on his obligations under the Note by, among other things, failing to make an installment payment." Harrison's only defenses to liability were (1) an argument regarding procedural irregularities in noticing the sale and (2) an allegation of a grossly inadequate price. But the first argument was properly resolved by the superior court's waiver ruling, and the second by the court's determination that Sage's credit bid exceeded the property's fair market value. Given these circumstances, the superior court did not err by concluding that Harrison was liable to Sage and entering a deficiency judgment to that effect.

## CONCLUSION

¶18 For the foregoing reasons, we affirm the superior court's judgment.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh