NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL PETRAMALA, *Appellant.*

No. 1 CA-CR 14-0685
FILED 7-28-2015

Appeal from the Superior Court in Maricopa County
No. CR 2004-019118-001
The Honorable Joseph C. Welty, Judge

**VACATED AND REMANDED**

COUNSEL

Scottsdale City Prosecutor's Office, Scottsdale
By Kenneth M. Flint
*Counsel for Appellee*

Michael Petramala,
*Appellant*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

**G O U L D,** Judge:

¶1         Michael Petramala appeals the trial court's summary denial of his petition for restoration of right to possess firearms, filed pursuant to Arizona Revised Statutes ("A.R.S.") section 13-925 (West 2015).  For the following reasons, we vacate the order denying the petition and remand for further proceedings consistent with this decision.

## BACKGROUND

¶2         In 2003, Petramala was charged in Scottsdale City Court with interfering with judicial proceedings, a misdemeanor offense.  The matter was transferred to the Maricopa County Superior Court, under Cause No. CR 2004-019118-001 (the "criminal case"), for the purpose of evaluating Petramala's competency.  Based on examinations of Petramala's mental condition ordered pursuant to Arizona Rule of Criminal Procedure 11, the superior court determined that Petramala was not mentally competent to stand trial and that there was no substantial probability, given the nature of the offense and the time left for restoration, that Petramala would be restored to competency within the statutory framework.  As a result, the superior court dismissed the criminal charge without prejudice pursuant to A.R.S. § 13-4517(3) (West 2015).[1]

¶3         In 2005, based on a campaign of harassment commenced by Petramala, which included the filing of numerous and repeated lawsuits against various individuals, their family members, and their lawyers, the superior court found Petramala to be a "vexatious litigant" and entered an administrative order prohibiting him from filing any actions in Maricopa County without prior court approval.  When the harassment continued, the superior court entered an injunction against Petramala's abusive conduct and appointed a guardian ad litem for Petramala.

¶4         In 2006, the guardian ad litem petitioned for permanent appointment of a guardian and conservator for Petramala under Maricopa County Superior Court Cause No. PB 2006-002295 (the "probate court").  In early 2007, a jury found by clear and convincing evidence that Petramala was in need of a guardian and, based on the verdict, the probate court appointed the Maricopa County Public Fiduciary as both his guardian and conservator.  The appointments were affirmed on appeal. *In re Guardianship*

---

[1]         Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

*& Conservatorship of Petramala*, 1 CA-CV 07-0285, 2008 WL 4149005 (Ariz. App. Apr. 8, 2008) (mem. decision).

¶5 Several months later, Petramala petitioned the probate court to terminate the guardianship and conservatorship. After considering the petition, the probate court entered an order in 2008 dismissing the conservatorship and appointing the Maricopa County Public Fiduciary as a limited guardian. This order also prohibited Petramala from possessing a firearm or filing any lawsuits without permission of the court. The probate court's order was affirmed on appeal. *In re Guardianship & Conservatorship of Petramala*, 1 CA-CV 08-0330, 2009 WL 3463920 (Ariz. App. Oct. 27, 2009) (mem. decision).

¶6 During the pendency of the proceedings in the probate court, Petramala filed a motion in the dismissed criminal case in September 2007 to vacate the Rule 11 finding *nunc pro tunc*, claiming that the finding resulted in him being included in the National Instant Criminal Background System ("NICS"),[2] which prevented him from possessing a firearm and pursuing a career in law enforcement. He argued that the finding was erroneous and resulted from ineffective assistance of counsel in the Scottsdale City Court proceedings. The superior court denied the motion, ruling that the request was more appropriately governed by Rule 32.

¶7 In December 2007, Petramala filed a notice of post-conviction relief pursuant to Rule 32 seeking to set aside the finding of incompetency based on a claim of ineffective assistance of counsel. After the superior court dismissed the notice, Petramala filed a motion for rehearing, which was also denied. In explaining the denial of the motion for rehearing, the

---

[2] The NICS is a database mandated by the Brady Handgun Violence Prevention Act of 1993 and maintained by the Federal Bureau of Investigation ("FBI"). The NICS allows licensed firearms sellers to determine whether a prospective buyer has a criminal record or is otherwise ineligible to purchase a firearm. Petramala had asked the FBI to remove his name from the NICS, but the FBI had refused to do so, and had informed him he was ineligible to possess a firearm because in the criminal case, the superior court had found he was "criminally incompetent." In support of its denial, the FBI cited 18 U.S.C. section 922(g)(4) (2005). This statute prohibits possession of a firearm by a person adjudicated "mental[ly] defective."

superior court noted Petramala was prohibited by administrative order from filing any action in Maricopa County without leave of the court.

¶8         In April 2009, Petramala petitioned the probate court to remove his name from the NICS.  The court denied the petition, ruling that it did not have authority to determine whether a federal agency acted appropriately in entering Petramala's name into the NICS.

¶9         In May 2010, Petramala petitioned the probate court to modify his guardianship to remove his name from the NICS, or to find that he should have never been entered into the NICS, along with other relief. On appeal, this court affirmed the orders denying the petitions. *In re Guardianship of Petramala*, 1 CA-CV 11-0217, 2012 WL 5333547 (Ariz. App. Oct. 30, 2012) (mem. decision).  The probate court's denial of a subsequent petition filed in 2011 to terminate the guardianship and to set aside the pre-filing review order was also affirmed on appeal. *In re Guardianship of Petramala*, 1 CA-CV 12-0041, 2013 WL 616872 (Ariz. App. Feb. 19, 2013) (mem. decision).

¶10        In May 2012, Petramala again petitioned to terminate the limited guardianship and to have all orders preventing him from possessing a weapon and filing lawsuits dismissed.  In August 2012, the probate court entered an order terminating the limited guardianship based on findings that Petramala had left Maricopa County and had moved to King County, Washington, and that he had no unmet needs that could be effectively administered in Arizona or overseen by the probate court.  The probate court further stated, however, that the termination of the guardianship did not constitute an order granting Petramala permission to possess firearms, noting that it was the court's understanding that Petramala is still listed as a prohibited possessor of firearms in the NICS. The probate court also ruled that the termination order did not terminate or otherwise vacate the administrative order that Petramala seek leave of the court before filing any action in Maricopa County.

¶11        In 2013, Petramala requested and was granted leave to file a petition pursuant to A.R.S. § 13-925 under the criminal case cause number for restoration of right to possess a firearm.  On August 17, 2013, Petramala filed his petition and requested appointment of counsel to represent him in the proceeding.  By order dated October 30, 2013, the superior court summarily denied the motion, stating that Petramala's previous requests for this relief had been denied by the probate court, that the denials had been affirmed by the Court of Appeals, and that the superior court did not have the authority to make a ruling inconsistent with the Court of Appeals.

4

¶12        On September 15, 2014, Petramala filed the petition for restoration of right to possess firearms pursuant to A.R.S. § 13-925 that is the subject of the instant appeal and included a demand for appointment of counsel.  The superior court summarily denied the petition, stating that the denial was based on "the reasons articulated in this Court's October 30, 2013[,] minute entry denying an identical motion from the Defendant."  Petramala timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (West 2015), and 12-2101(A)(5)(d) (West 2015).

**DISCUSSION**

I.      Summary Dismissal of Petition

¶13        In denying Petramala's petition for restoration of right to possess firearms filed in October 2013, the superior court ruled that it was bound by this court's appellate decision affirming the probate court's rejection of his previous request for a hearing under A.R.S. § 13-925.  When Petramala made his original request in the probate court in 2009, this statute read, in pertinent part:

> On proper application, a person who was found to constitute a danger to himself or others or to be persistently or acutely disabled or gravely disabled and who was subject to a treatment order pursuant to section 36-540 may request the court that entered the treatment order to restore the person's right to possess a firearm on a showing by clear and convincing evidence that the person no longer suffers from the mental disorder that led to the finding that the person constituted a danger to himself or others or was persistently or acutely disabled or gravely disabled.

A.R.S. § 13-925(A) (West 2009).  On appeal of the probate court's ruling, this court held that Petramala's request for a hearing under A.R.S. § 13-925 was properly denied because the statute only applied to persons who had been ordered to undergo involuntary mental health treatment pursuant to A.R.S. § 36-540, which did not occur in Petramala's case.  *Petramala*, 1 CA-CV 11-0217 at ¶ 14.

¶14        The legislature has since amended A.R.S. § 13-925 to greatly expand the scope of persons who may request restoration of the right to possess a firearm.  *See* 2011 Ariz. Sess. Laws, ch. 304, § 3 (1st Reg. Sess.) (effective July 20, 2011).  This statute now provides:

A person may petition the court that entered an order, finding or adjudication that resulted in the person being a prohibited possessor as defined in section 13-3101, subsection A, paragraph 7, subdivision (a) or subject to 18 United States Code section 922(d)(4) or (g)(4) to restore the person's right to possess a firearm.

A.R.S. § 13-925(A). At the hearing on the petition,

[t]he court shall receive evidence on and consider the following before granting or denying the petition:

1. The circumstances that resulted in the person being a prohibited possessor as defined in section 13–3101[ (A)(7)(a) ]. . . .

2. The person's record, including the person's mental health record and criminal history record, if any.

3. The person's reputation based on character witness statements, testimony or other character evidence.

4. Whether the person is a danger to self or others, or has persistent, acute or grave disabilities or whether the circumstances that led to the original order, adjudication or finding remain in effect.

5. Any change in the person's condition or circumstances that is relevant to the relief sought.

6. Any other evidence deemed admissible by the court.

A.R.S. § 13–925(C). To obtain relief, a petitioner must prove by clear and convincing evidence that the "petitioner is not likely to act in a manner that is dangerous to public safety" and that "[g]ranting the requested relief is not contrary to the public interest." A.R.S. § 13–925(D).

¶15 The current version of A.R.S. § 13-925, which was in effect when the superior court ruled on the petition for restoration of firearms rights at issue, provides that on the filing of a petition, the superior court shall set an evidentiary hearing. A.R.S. § 13-925(C). The superior court summarily denied Petramala's petition based on an appellate decision that construed an earlier version of the statute that has since been amended in such a manner so as to bring Petramala within the scope of the statute and

thereby render that appellate decision no longer controlling. Accordingly, the superior court erred in summarily denying the petition without holding a hearing and considering the merits of the petition in accordance with the provisions of A.R.S. § 13-925(C). We therefore vacate the order denying Petramala's petition for restoration of his right to possess firearms and remand for further proceedings consistent with this decision.

II.    Additional Issues Raised on Appeal

¶16    Petramala contends that the superior court erred by failing to grant a motion filed in November 2013, seeking clearance of his records in the Scottsdale City Court criminal case. The record reflects the superior court never ruled on the motion, possibly because Petramala never sought leave to file the motion. In the absence of an appealable order, we lack jurisdiction to consider the claim. *See* A.R.S. § 13-4033(A) (West 2015) (governing appeals that may be taken by criminal defendant).

¶17    Petramala also argues that both this court and the superior court erred by failing to appoint counsel to represent him regarding his petition for restoration of right to possess firearms. A petitioner is not entitled to appointed counsel in a proceeding for restoration of firearms rights. *Pinal Cnty. Bd. Of Supervisors v. Georgini*, 235 Ariz. 578, 588, ¶ 37 (App. 2014).

¶18    Petramala further challenges the superior court's pre-filing review of his petition for firearms rights pursuant to A.R.S. § 13-925 under Administrative Order 2005-184. This court upheld the general validity of the superior court's administrative pre-filing review order in an earlier appeal by Petramala, and we decline to reconsider that decision. *Petramala*, 1 CA-CV 11-0217 at ¶¶ 18-21.

¶19    The only new arguments raised by Petramala in this appeal with respect to the administrative order are based on A.R.S. § 12-3201 (West 2015). His reliance on this statute in arguing that the superior court erred in applying the administrative pre-filing review order to his petition for restoration of right to possess firearms is misplaced. First, this statute did not become effective until January 1, 2015, two months after the trial court's ruling dismissing the petition. *See* 2014 Ariz. Sess. Laws, ch. 41, § 2. Second, contrary to Petramala's contention, this statute does not preempt the superior court's inherent power to prevent a litigant from filing frivolous motions, actions, and lawsuits, but rather merely codifies that power. *See* *Madison v. Groseth*, 230 Ariz. 8, 14, ¶ 17 (App. 2012) ("Arizona courts possess inherent authority to curtail a vexatious litigant's ability to initiate

additional lawsuits."). Accordingly, this statute has no effect on the validity of the administrative order entered in regards to Petramala in 2005. Third, although this statute limits the designation of a *pro se* litigant as a vexatious litigant to non-criminal cases, a proceeding brought pursuant to A.R.S. § 13-925 is civil in nature. *Georgini*, 235 Ariz. at 588, ¶ 35. Thus, even if A.R.S. § 12-3201 had been in effect when Petramala filed his petition to restore his firearms rights, it would not have precluded application of the pre-filing review order to this non-criminal proceeding.

**¶20**         Finally, Petramala argues that both this court and the superior court erred in failing to grant his requests to appear telephonically or for parking in the underground garage. The request for such accommodations in this court was mooted by the denial of the request for oral argument. A review of the record further reveals that there was no such request made by Petramala in the superior court with respect to the petition at issue in the instant appeal. In the event Petramala makes such a request on remand, the decision on the request is a matter properly left to the superior court in the first instance.

### CONCLUSION

**¶21**         For the foregoing reasons, we vacate the superior court's order summarily denying Petramala's petition for restoration of his right to possess firearms pursuant to A.R.S. § 13-925 and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: ama