NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HOLMES ENTERPRISES LLC, *Plaintiff/Appellee*,

*v.*

MARC SPECTOR, SYRI K. HALL, *Defendants/Appellants*.

No. 1 CA-CV 22-0381
FILED 5-18-2023

Appeal from the Superior Court in Yavapai County
No. V1300CV202280108
The Honorable Linda Wallace, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Robert A. Miller, PLC, Prescott
By Robert A. Miller
*Counsel for Plaintiff/Appellee*

Marc Spector, Syri K. Hall, Cottonwood
*Defendants/Appellants*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

**C R U Z**, Judge:

¶1 Marc Spector and Syri K. Hall appeal the superior court's forcible detainer judgment in favor of Holmes Enterprises LLC ("Holmes"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In 2007, Spector refinanced a home in Sedona ("the property"). The loan was secured by a deed of trust, and in 2013 the deed of trust was assigned to Wells Fargo Bank. Spector defaulted on the loan.

¶3 Wells Fargo foreclosed and acquired the property at a trustee's sale in 2017. Spector and Hall sued Wells Fargo and other defendants to set aside the trustee's sale. The superior court granted summary judgment to the defendants, and we affirmed on appeal. Spector and Hall subsequently filed four more complaints in superior court challenging the sale. All four lawsuits were dismissed by the court. In January 2022, the superior court designated Spector and Hall vexatious litigants pursuant to Arizona Revised Statutes ("A.R.S.") section 12-3201 and ordered that they not be allowed to file any "new pleading, motion or other document" in Yavapai County superior court without leave from the court.

¶4 In 2022, Wells Fargo sold the property to Holmes. In April 2022, Holmes served Spector and Hall with a notice to vacate the property, and when they failed to do so, brought a forcible detainer action. Spector and Hall requested leave to file an answer and counterclaim. The court initially denied the request, but after Spector and Hall filed a second request for leave, the court granted the request in part, allowing Spector and Hall to file an answer but not a counterclaim.

¶5 After an evidentiary hearing, the superior court entered judgment in favor of Holmes. Spector and Hall timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-1182.

## DISCUSSION

¶6 Spector and Hall argue the superior court violated their due process rights by deeming them vexatious litigants and by not allowing them to file a counterclaim. They ask us to overturn the court's finding that they were vexatious litigants and remand for new proceedings in the superior court.

¶7            As a preliminary matter, we note that the opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. ARCAP 13(a)(4) requires a "statement of the case" containing appropriate references to the record.  ARCAP 13(a)(5) requires a "'statement of facts' that are relevant to the issues presented for review, with appropriate references to the record."  ARCAP 13(a)(7) requires an argument section setting forth the appellant's "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies," and "the applicable standard of appellate review with citation to supporting legal authority."  This court may dismiss an appeal when the appellant fails to comply with the rules.  *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342-43 (App. 1984).

¶8            The opening brief's statements of facts and of the case contain no citations to the record.  Nor do Spector and Hall provide appropriate citations to the record in their argument section.  Even if we overlook the deficiencies of the opening brief, we cannot give Spector and Hall the relief they seek.  Arizona courts have both inherent and statutory powers to curtail vexatious litigation with pre-filing restrictions.  *Madison v. Groseth*, 230 Ariz. 8, 14, ¶¶ 17-18 (App. 2012); A.R.S. § 12-3201.  Here, the superior court made its vexatious litigant determination on January 20, 2022, in cause no. V-1300-CV-202180146, a lawsuit filed by Spector and Hall more than two years after this court affirmed the superior court's grant of summary judgment to the Wells Fargo defendants.  Spector and Hall did not appeal the January 20, 2022 order dismissing their complaint in cause no. V-1300-CV-202180146 and designating them vexatious litigants. Because they did not appeal the superior court's decision in that case, they cannot collaterally challenge it in a separate action.  *See Roberson v. Teel*, 20 Ariz. App. 439, 445 (1973) (affirming summary judgment against granddaughter of decedent who filed separate suit to challenge probate court's unappealed order distributing decedent's assets; probate court's order "is conclusive except on appeal, and is not subject to collateral attack.") (citation omitted).

¶9            As to the court's order allowing Spector and Hall to file an answer and not a counterclaim, we note that counterclaims are not allowed in eviction actions unless there is a statutory basis for the counterclaim.  *See* Arizona Rule of Procedure for Eviction Actions 8(a).  Spector and Hall provided no statutory basis for a counterclaim in their pleadings filed in the superior court, nor do they do so in their opening brief.

3

¶10       Holmes requests attorneys' fees pursuant to A.R.S. §§ 12-349 and -1178(A), and costs pursuant to A.R.S. § 12-342. "Section 12-1178(A) addresses the components of a trial court's judgment and neither expressly authorizes nor compels attorney fees on appeal." *Montano v. Luff*, 250 Ariz. 401, 407, ¶ 18 (App. 2020). We decline to award Holmes attorneys' fees as a sanction under § 12-349. As the prevailing party, Holmes is entitled to costs upon compliance with ARCAP 21(b).

**CONCLUSION**

¶11       For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:      AA