NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOHN DANKO, III, *Plaintiff/Appellant*,

*v.*

JONATHAN ADAM DESSAULES, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0017
FILED 8-15-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-092712
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

John Danko, III, Mesa
*Plaintiff/Appellant*

Dessaules Law Group, Phoenix
By Jonathan A. Dessaules, Douglas Imperi
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Maria Elena Cruz joined.

---

**C A T L E T T**, Judge:

¶1         John Danko, III ("Danko") appeals a superior court order declaring him a vexatious litigant.  Because Danko failed to include citations to the superior court record or legal authority and failed to make any legal arguments explaining how the court erred in its determination, we conclude that Danko waived the issue.  Consequently, we affirm the superior court's order.

## FACTS AND PROCEDURAL HISTORY

¶2         Danko and his former wife began marriage dissolution proceedings in January 2016.  **[I. 61 at 2]**  That litigation has sparked over forty additional lawsuits in Arizona courts, many of which are against attorneys who Danko retained in the dissolution matter or to bring civil lawsuits on his behalf.  **[I. 61 at 2]**

¶3         Danko filed the complaint underlying this appeal against his former attorneys Jonathan Dessaules, Douglas Imperi Jr., and Dessaules Law Firm (collectively "Dessaules"), alleging Dessaules agreed to represent him in a legal malpractice lawsuit and accepted money for the representation, then never performed the work and withdrew without telling him.  The complaint included numerous causes of action including breach of contract, fraud, malpractice, negligence, defamation, trespass, false light, invasion of privacy, abuse of process, conversion, assault, battery, nuisance, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of confidence, and breach of promise.

¶4         Dessaules moved to dismiss, arguing, among other things, that Danko did not file an expert affidavit required to bring a malpractice action.  *See* A.R.S. § 12-2601.  Dessaules also moved under A.R.S. § 12-3201 to declare Danko a vexatious litigant.  Danko filed multiple responses opposing the motion.

¶5         The superior court issued an order declaring Danko a vexatious litigant.  The court noted that Danko had, at that time, filed over

forty lawsuits, many of which "are unsupported by facts as alleged, argue legal positions which are not founded in the law or reasonable interpretations of the law, re-argue the same positions again and again with no regard for rulings of the Court, and promote abuse of process." While the court recognized the sheer number of lawsuits alone was insufficient to "warrant [a] designation as litigious," the court noted the "develop[ing] trend in the lawsuits that indicates that court involvement is appropriate even though many of the cases have not been adjudicated."

¶6        The court explained that every one of Danko's complaints alleging professional malpractice lacked the required affidavit, thereby compelling defendants to engage in the expense of litigation to defend a case which had yet to meet the initial pleading requirements. The complaints also generally failed to state facts and law sufficient to support Danko's other causes of action. The various superior court judges overseeing those matters provided Danko with an opportunity to amend his complaint, yet "[r]ather than learning from the rulings and holdings in the cases which are being adjudicated . . . [Danko] continue[d] to argue and urge Motions for Reconsideration, Motions for Relief From Judgment and appeals of rulings that point out the legal insufficiency of his positions."

¶7        The court, therefore, concluded "there must be some restraint regarding new filings in Civil Court to ensure cases to be filed have a concisely plead basis in fact and law," found Danko to be a vexatious litigant, and ordered that Danko is not permitted to "file any new pleading, motion or other document in this case or any other pending civil action without prior leave of the judge assigned to that case."

¶8        Danko timely appealed the vexatious-litigant order. Because this Court treats such an order as a grant of injunctive relief, we have jurisdiction pursuant to A.R.S. § 12-2101(A)(5)(b). *See Madison v. Groseth*, 230 Ariz. 8, 13 ¶ 16 n.8 (App. 2012).

**DISCUSSION**

¶9        Danko argues the superior court erred when it designated him a vexatious litigant.[1] Dessaules argues Danko waived his challenge to

---

[1]        Danko makes several arguments addressing issues beyond the superior court's order on appeal. But we have jurisdiction over only the court's judgment entered pursuant to Rule 54(b) relating to the vexatious litigant designation. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 177 ¶ 4 n.1 (App. 2008).

the propriety of the vexatious litigant order because Danko failed to cite any legal authority or the record.

**¶10** If a "pro se litigant engage[s] in vexatious conduct," the superior court may designate him a vexatious litigant. A.R.S. § 12-3201(C). In such cases, the litigant "may not file a new pleading, motion or other document without prior leave of the court." A.R.S. § 12-3201(B); *Madison*, 230 Ariz. at 14 ¶ 17. As a grant of injunctive relief, we review a vexatious-litigant order for an abuse of discretion. *See Madison*, 230 Ariz. at 13 ¶ 16 n.8; *see also Ahwatukee Custom Est. Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 633–34 ¶ 5 (App. 2000).

**¶11** Any party aggrieved by a civil judgment may appeal. Ariz. R. Civ. App. P. 1(d). To maintain an appeal, an appellant must comply with the Rules of Civil Appellate Procedure. Failure to make a "bona fide and reasonably intelligent effort to comply with the rules" results in "waive[r] [of] those arguments not supported by adequate explanation, citations to the record, or authority." *In re Aubuchon*, 233 Ariz. 62, 64–65 ¶ 6 (2013).

**¶12** ARCAP 13(a)(4) requires an opening brief to contain a "'statement of the case' that must concisely state the nature of the case, the course of the proceedings, the disposition in the court from which the appeal is taken, and the basis of the appellate court's jurisdiction." The brief must also include a "'statement of facts' that are relevant to the issues presented for review[.]" Ariz. R. Civ. App. P. 13(a)(5). And both must include "appropriate references to the record." Ariz. R. Civ. App. P. 13(a)(4)-(5). Finally, the brief must include an "argument" section with the "contentions concerning each issue presented for review, with supporting reasons for each contention, and with *citations of legal authority and appropriate references to the portions of the record*" relied on. Ariz. R. Civ. App. P. 13(a)(7)(A) (emphasis added). We "hold unrepresented litigants in Arizona to the same standards as attorneys and do not afford them special leniency." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022).

**¶13** After reviewing the opening brief, we conclude Danko failed to provide a bona fide and reasonably intelligent effort to comply with Rule 13, and he has therefore waived the issue presented on appeal. Contrary to the Rules of Civil Appellate Procedure, Danko's opening brief does not include a single case or record citation, nor does it include any substantive argument explaining how the superior court erred or abused its discretion.

**¶14** Danko argues the superior court erred by concluding that he engaged in vexatious conduct. Yet, in support of that argument, Danko

includes only bare assertions that he "has committed no repeated filings without substantial justification" and "allege[d] causes of action which are supported by facts" and law. And Danko fails to include any legal authority or record citation to support the argument. Conclusory statements merely declaring the opposite of what the superior court found without further support are insufficient to preserve an argument for appeal. Danko has, therefore, waived the only claim or error he raises on appeal—that the trial court erred in declaring him a vexatious litigant.

¶15 Notwithstanding waiver, we have reviewed the record and conclude the superior court complied with the requirements to properly designate Danko a vexatious litigant and did not otherwise abuse its discretion in any manner. *See Madison*, 230 Ariz. at 14 ¶ 18.

## CONCLUSION

¶16 We affirm the superior court's order.



AMY M. WOOD • Clerk of the Court
FILED: AA