NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROBERT PARSONS, et al., *Plaintiffs/Appellees,*

*v.*

TOBY HARRIS, *Defendant/Appellant.*

No. 1 CA-CV 24-0324
FILED 12-10-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-002276
The Honorable Katherine Cooper, Judge

**AFFIRMED IN PART AND REVERSED IN PART**

COUNSEL

Toby Harris, Phoenix
*Defendant/Appellant*

Holloway Odegard & Kelly, PC, Phoenix
By Sally A. Odegard, Stephen M. Hopkins
*Counsel for Plaintiffs/Appellees*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

**¶1**         Toby Harris appeals his designation as a vexatious litigant and the superior court's order granting summary judgement in favor of Robert Parsons and his wife Renee ("Parsons"). We affirm in part and reverse in part, remanding for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Harris sued his former employer, GoDaddy Inc., for wrongful termination in 2010. Mr. Parsons was the executive chairman of GoDaddy at the time. Mr. Parsons left GoDaddy to start Parsons Xtreme Golf ("PXG") during the lawsuit, and Harris created the website boycottpxg.com, which accused Parsons of fraud, theft, bribery and embezzlement.

**¶3**         Parsons sued Harris for defamation. Harris filed six motions in the ten-month period after he was served with the defamation complaint. None of these motions had merit, so Parsons moved to designate Harris a vexatious litigant, which also happened in Harris's wrongful termination lawsuit against GoDaddy. The superior court granted the motion, so Harris must get court approval for new filings.

**¶4**         During discovery, Harris subpoenaed PXG for financial records to prove his accusations. PXG moved to quash the subpoena, but missed the deadline by a week and offered no excuse. *See* Ariz. R. Civ. P. 45(e)(2)(D) (recipient has 14-days after service to file a motion to quash). Even so, the superior court quashed the subpoena.

**¶5**         Parsons later moved for partial summary judgement, which the superior court granted. Harris timely appealed. We have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6**         Harris raises three issues on appeal: (1) the superior court abused its discretion by designating him a vexatious litigant, (2) the

superior court abused its discretion by considering the untimely motion to quash, and (3) the superior court erred by granting summary judgment because Parsons failed to prove damages. We address issues one and two but need not reach issue three.

## I. Vexatious Litigant Designation.

**¶7** Harris first challenges the superior court's designation of him as a vexatious litigant. We accept special action jurisdiction over the vexatious litigant order because there is no other "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). We review a vexatious litigant designation for abuse of discretion. *Contreras v. Bourke*, ___ Ariz. ___, ___, ¶ 21, 556 P.3d 291, 298 (App. 2024).

**¶8** A self-represented litigant may be designated as a vexatious litigant when they (1) unreasonably expand or delay the proceedings, or (2) defend actions without substantial justification. A.R.S. § 12-3201(C), (E)(1)(b)–(c). Before designating a litigant vexatious, the court must (1) give the litigant notice and an opportunity to oppose the order, (2) create an adequate record leading to the order, and (3) make substantive findings of the litigant's frivolous or harassing actions. *See Madison v. Groseth*, 230 Ariz. 8, 14, ¶ 18 (App. 2012). The order must be narrowly tailored to address the litigant's vexatious conduct. *Id.*

**¶9** We discern no error. Harris had notice of the motion to designate him a vexatious litigant and he filed a response. The court created an adequate record leading to the order. It pointed to six motions filed by Harris that had no merit, did not further the resolution of the case and expanded the claims without moving it forward. It also cited his prior designation as a vexatious litigant in the wrongful termination lawsuit. And lastly, the order was narrowly tailored because the pre-filing restrictions address Harris's vexatious conduct and are limited to this lawsuit. *See Contreras*, 556 P.3d at 300, ¶ 29. We affirm the court's designation of Harris as a vexatious litigant.

## II. Motion to Quash.

**¶10** Harris next argues the superior court erroneously granted PXG's motion to quash his subpoena because that motion was filed late. We review for abuse of discretion, but the meaning and effect of court rules are reviewed de novo. *Perguson v. Tamis*, 188 Ariz. 425, 427 (App. 1996). A court abuses its discretion when it misapplies the law. *Blazek v. Superior Court*, 177 Ariz. 535, 537 (App. 1994).

¶11　　　　Arizona Rule of Civil Procedure 45(e)(2)(D) directs that a motion to quash a subpoena must be filed within 14 days after the subpoena is served.  Ariz. R. Civ. P. 45(e)(2)(D).  A court may consider an untimely motion only if the moving party shows excusable neglect.  Ariz. R. Civ. P. 6(b)(1)(B).  A party's neglect is excusable when it "might be the act of a reasonably prudent person under the same circumstances." *City of Phoenix v. Geyler*, 144 Ariz. 323, 331 (1985).

¶12　　　　The superior court abused its discretion.  PXG filed its motion to quash 23 days after the subpoena was served and it never moved to extend that deadline.  The record indicates that PXG offered no proof or argument to show excusable neglect.  We remand for the superior court to entertain a motion to extend the deadline to file a motion to quash.

**III.　　Summary Judgment.**

¶13　　　　Given our reversal on an evidentiary issue, we reverse the entry of summary judgment, too. *See Perguson*, 188 Ariz. at 430.

**CONCLUSION**

¶14　　　　We affirm the superior court's designation of Harris as a vexatious litigant, but reverse and vacate the orders quashing PXG's subpoena and granting summary judgment.  We remand to the superior court for further proceedings consistent with this decision.

¶15　　　　Parsons requests an award of attorney fees and costs on appeal under A.R.S. §§ 12-349, -331 and ARCAP 21.  We decline that request in our discretion.

