NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

─────────────────────

THE BANK OF NEW YORK, MELLON fka THE BANK OF NEW YORK,
as Trustee for the Certificateholders of CWABS Inc., Asset-Backed
Certificate, 2007-11, *Plaintiff/Appellee*,

*v.*

MARK ST. JOHN, *Defendant/Appellant*.

No. 1 CA-CV 14-0718
FILED 6-23-2015

─────────────────────

Appeal from the Superior Court in Coconino County
No. CV2014-00496
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

─────────────────────

COUNSEL

Tiffany & Bosco, P.A., Phoenix
By Leonard J. McDonald, Jr., David W. Cowles
*Counsel for Plaintiff/Appellee*

Mark St. John, Flagstaff
*Defendant/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**H O W E**, Judge:

**¶1**        Mark St. John appeals the superior court's ruling in favor of The Bank of New York's (TBNY) motion for judgment on the pleadings in this forcible entry and detainer (FED) action.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**        TBNY filed an FED complaint alleging that St. John was occupying and refusing to surrender real property that TBNY had purchased at a trustee's sale. St. John was properly served with process.

**¶3**        Representing himself, St. John answered TBNY's complaint, arguing that the superior court should dismiss the FED complaint because (1) the proper parties were not present; (2) the superior court lacked subject matter jurisdiction; and (3) TBNY lacked standing "because a [FED] action is the wrong venue to adjudicate title." TBNY subsequently moved for judgment on the pleadings; St. John did not respond. After a hearing on the FED action, the superior court granted TBNY's motion for judgment on the pleadings and found St. John guilty of forcible detainer.

---

[1]        The record provided by St. John did not include relevant trial transcripts. Accordingly, based on the record before us, we recite the facts in the light most favorable to sustaining the trial court's decision. *See* Arizona Rule of Civil Appellate Procedure (ARCAP) 11(b)(1); *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal. When a party fails to include necessary items, we assume they would support the court's findings and conclusions.").

## DISCUSSION

¶4 St. John argues that the superior court lacked subject matter jurisdiction over the FED action. We review a trial court's exercise of its jurisdiction de novo. *State ex rel. Dept. of Econ. Sec. v. Tazioli*, 226 Ariz. 293, 294 ¶ 7, 246 P.3d 944, 945 (App. 2011). The superior court has subject matter jurisdiction because the Arizona Constitution provides that "[t]he superior court shall have original jurisdiction of . . . [c]ases of equity and at law which involve title to or possession of real property," Ariz. Const. art., 6 § 14(2), and FED actions to possess property are statutorily authorized, *see* A.R.S. §§ 12–1171 to –1182. Accordingly, the superior court had jurisdiction to grant TBNY's motion for judgment on the pleadings.

¶5 St. John appears to also argue that TBNY lacked standing. "Whether a party has standing to sue is a question [that] is reviewed de novo." *Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180 ¶ 15, 91 P.3d 1019, 1023 (App. 2004). In Arizona, standing generally requires an injury in fact, economic or otherwise, caused by the complained-of conduct, and resulting in a distinct and palpable injury giving the plaintiff a personal stake in the controversy's outcome. *Aegis of Ariz., L.L.C. v. Town of Marana*, 206 Ariz. 557, 562–63 ¶ 18, 81 P.3d 1016, 1021–22 (App. 2003). Because TBNY purchased property that St. John occupied and refused to vacate, TBNY had a personal stake—and therefore standing to sue—in this FED action.

¶6 St. John also raises various arguments related to TBNY's right to file an FED action. St. John (1) contends that TBNY must first show that "the [n]ote is in default which by definition requires an examination of the chain of custody of the [n]ote" and (2) challenges TBNY's chain of title, all of which are based on purported irregularities related to the trustee's sale. In reviewing a trial court's grant of judgment on the pleadings, we view the pleadings' well-pled factual allegations as true and review the trial court's legal rulings de novo. *Mobile Cmty. Council for Progress, Inc. v. Brock*, 211 Ariz. 196, 198 ¶ 5, 119 P.3d 463, 465 (App. 2005).

¶7 "[F]orcible entry and detainer is a statutory proceeding, the object of which is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession." *Heywood v. Ziol*, 91 Ariz. 309, 311, 372 P.2d 200, 201 (1962). The merits of a party's title is not an issue properly litigated in an FED action; "the only issue shall be the right of actual possession and the merits of title shall not be inquired into." A.R.S. § 12–1177(A); *Curtis v. Morris*, 184 Ariz. 393, 395, 909 P.2d 460, 462 (App. 1995) (stating that title cannot be an issue in a FED

action), *aff'd by* 186 Ariz. 534, 925 P.2d 259 (1996). Thus, when a FED action directly and inextricably involves a genuine dispute as to the merits of title, the action cannot be maintained. *United Effort Plan Trust v. Holm*, 209 Ariz. 347, 351 ¶ 21, 101 P.3d 641, 645 (App. 2004).

¶8        St. John is not entitled to relief. First, St. John cannot demand that TBNY "show the note" because the deed of trust statutes impose no obligation on the beneficiary to do so before the trustee conducts a non-judicial foreclosure. *Hogan v. Wash. Mut. Bank, N.A.*, 230 Ariz. 584, 586 ¶ 8, 277 P.3d 781, 783 (2012). The only proof of authority the trustee's sales statutes require is a statement indicating the basis for the trustee's authority. *See* A.R.S. § 33–808(C)(5) (requiring the notice to set forth the basis for the trustee's qualification pursuant to § 33–803(A)); *see also* A.R.S. § 33–807(A) (granting the trustee the "power of sale"). St. John's argument that TBNY must first "show the note" consequently fails.

¶9        Second, St. John cannot challenge the validity of the trustee's sale. Under the deed of trust statutes, "a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301 ¶ 10, 275 P.3d 598, 600 (2012); A.R.S. § 33–811(C); *see Madison v. Groseth*, 230 Ariz. 8, 13 ¶ 15, 279 P.3d 633, 638 (App. 2012) (holding that a party waives any challenges to a trustee's sale, apart from lack of notice of the sale, by failing to obtain injunctive relief prior to the sale). Once a trustee's sale is completed, "a person subject to § 33–811(C) cannot later challenge the sale based on pre-sale defenses or objections." *BT Capital*, 229 Ariz. at 301 ¶ 11, 275 P.3d at 600; *see Groseth*, 230 Ariz. at 13 ¶ 15, 279 P.3d at 638. Because St. John failed to obtain injunctive relief before the trustee's sale, he cannot now challenge any alleged irregularities related to the sale. A.R.S. § 33–811(C). Accordingly, the superior court did not err in finding St. John guilty of forcible detainer.

**CONCLUSION**

¶10        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama