# 80

680 P.2d 216

**Bessie L. CREWS, a single woman, Plaintiff/Appellee,**

v.

**Billy D. COLLINS and Susan E. Collins, husband and wife, Defendants/Appellants.**

**No. 2 CA–CIV 5023.**

Court of Appeals of Arizona, Division 2.

April 13, 1984.

Johnston & Grynkewich, by Gary S. Grynkewich, Tucson, for plaintiff/appellee.

William L. Berlat, Tucson, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

Defendants/appellants appeal from the final judgment entered May 12, 1983, in this litigation arising out of defendants' default on a promissory note. The amount of attorney's fees awarded plaintiff is challenged on appeal.

After trial by the court, sitting without a jury, plaintiff was awarded judgment in the sum of $25,574.72, the principal sum owing on the promissory note, plus back interest in the sum of $2,045.98. Plaintiff was also awarded judgment for attorney's fees in the sum of $9,000 and costs.

Defendants contend on appeal that the trial court abused its discretion by awarding an amount deemed to be reasonable attorney's fees without sufficient showing as to what reasonable fees would be under the circumstances. Defendants also contend they were not afforded a hearing on the issue.

The promissory note provided:

"If this note is placed in the hands of an attorney for collection we agree to pay a reasonable attorney fee."

Defendants argue that by this provision, the parties contemplated an award of "reasonable" fees and cite *Crouch v. Pixler*, 83 Ariz. 310, 320 P.2d 943 (1958), for the proposition that where reasonable fees are contractually provided, it is error for the court to fix the amount in the absence of proof establishing what is a reasonable fee. They also acknowledge that aside from the promissory note provision, the court could award fees by virtue of A.R.S. § 12–341.01, which provides:

"A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as alter-

ing, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.

B. The award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney's fees actually paid or contracted, but such award may not exceed the amount paid or agreed to be paid."

In support of plaintiff's demand for fees, plaintiff's attorney submitted an affidavit disclosing that representation of plaintiff was undertaken on a collection or contingency basis and that plaintiff's counsel's fees are to be billed at the rate of one-third of all sums recovered, exclusive of costs. The affidavit recites that in order for plaintiff to be made whole under the arrangement, attorney's fees in the sum of $13,810.35 should be allowed inasmuch as plaintiff should receive $27,620.70 after costs and attorney's fees and since counsel is entitled to "(⅓) of *all* sums recovered ...." (emphasis in original) exclusive of costs, the $27,620.70 should be considered two-thirds of the total recovery, which would be $41,431.05. Plaintiff's attorney's affidavit also contained the following:

"6. Should the court determine that attorneys fees should be awarded on some other basis beside a percentage of the amount in question, a hearing should be scheduled by the Court in that affiants have a substantial amount of testimony which should be presented which will tend to prove that the Defendant's [sic] defense of the above captioned action was not made in good faith, that the Plaintiff at all times pertinent to this action attempted to negotiate in good faith with respect to the potential for discounting a principal amount of the promissory note, and that the Plaintiff, at the request of the Defendants delayed seeking relief in this action in an effort to cooperate with the Defendants by awaiting the outcome of a proceeding in the Bankruptcy Court.

7. In the event the Court does not wish to hold a hearing as requested hereinabove, and in the event the Court does not see fit to award attorneys fees based on a contingency fee arrangement as set forth hereinabove, your Affiant believes that the Court can take judicial notice of an appropriate amount as and for attorneys fees based on the amount in question, the complexity of the issues, and the results achieved in this case. As a further consideration, the Court can take judicial notice of its file. In particular, the Court should take judicial notice of the delays which have taken place in this case in the name of performing discovery which said delays have all been occasioned by the Defendant. [sic] The Court can further judicially notice a lack of discovery which has been done by the Defendants."

Defense counsel responded to the plaintiff's attorney's affidavit, disagreeing with the method of computing the contingent fee, and by requesting a hearing to determine "reasonable" fees pursuant to the promissory note. Specifically, it was pointed out in the affidavit that it has always been understood that if a case is taken on a contingency basis:

"... that contingency is based upon the amount that is recovered and not based upon some fictional amount which added to the amount that is recovered results in the plaintiff receiving the amount that is recovered. If counsel took this case on a contingency of one-third, that would be $9,206.90. Though counsel may have taken this case on a contingency basis, that is not an appropriate measure of damages on a contract case for attorney's fees, and defendants feel that attorney's fees should be awarded based upon the reasonableness of the fee in consideration for the hours of service rendered.

3. The promissory note provides for payment of a reasonable attorney's fee. Defendants feel that the Court should honor the terms and conditions of the promissory note, since attorney's fees were discussed in that instrument, and

the award of anything other than a reasonable fee would be an abuse of the Court's discretion.

In conclusion, defendants would request that a hearing be set on the issue of attorney's fees, unless the plaintiff is willing to submit to the Court an hourly breakdown of the time they have spent on the case and the costs they have incurred."

Counsel for plaintiff responded that a hearing was held on the defendants' motion to vacate judgment, or for new trial, and to amend judgment, on June 20, 1983. It is acknowledged that the hearing was not an evidentiary hearing, i.e., witnesses were not called nor were exhibits introduced. Plaintiff's counsel argues that since the hearing was not transcribed, we have nothing in the record before us disclosing what the trial court considered in determining the amount of fees, and argues that defendants have not adequately preserved the record for purposes of making a determination of whether the trial court may have abused its discretion.

In reply to the defendants' motion to vacate judgment and order new trial and motion to amend the judgment, plaintiff's counsel included the following, which sheds some light on the contingency arrangement with plaintiff:

"The Defendants' [sic] alternatively request the Court to amend the judgment by reducing the amount of attorney's fees awarded. Plaintiff's counsel has submitted an affidavit setting forth the retainer agreement between the Plaintiff and her counsel. Said agreement is a contingency agreement. It is interesting that Plaintiff's desire that this matter be handled on a contingency basis was due to her fears which had been instilled in her as a result of the Defendants' nonpayment of their obligation. In other words, due to her age, [plaintiff was in her 80s] distance from Tucson, etc., the Plaintiff did not wish to risk paying and lossing [sic] attorney's fees by having to prosecute a potentially worthless claim. Plaintiff's fears, of course, were heightened by the Defendants' failure to abide by their clear obligation. Plaintiff's counsel has set forth the formula by which fees are to be determined in this action which substantially exceed the fees which would have been awarded by the Court."

Plaintiff's counsel further explained that a record was not kept of the amount of hours expended since the matter was being handled on a contingency basis.

Counsel for the plaintiff and the plaintiff were free to enter a contingency agreement for the collection. Defendants' obligation is to pay reasonable attorney's fees. This obligation, stemming from the express terms of the promissory note and by the terms of A.R.S. § 12–341.01(A), remains unaffected by that statute. The fee arrangement with plaintiff's counsel does not, per se, establish that the $9,000 fee, apparently based thereon, was reasonable. Evidence of reasonableness of the fee is necessary. *Crouch v. Pixler*, supra; see *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

The judgment is reversed as to the amount of attorney's fees and this cause is remanded for an evidentiary hearing on that issue.

BIRDSALL, C.J., and HOWARD, J., concur.