NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

C. HENRY EKWEANI and IJEAMAKA EKWEANI, husband and wife,
*Plaintiffs/Appellants*,

*v.*

CITIMORTGAGE, INC.; CR TITLE SERVICES, INC., *Defendants/Appellees*.

No. 1 CA-CV 15-0695
FILED 12-20-2016

Appeal from the Superior Court in Maricopa County
No. CV2013-054340
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED**

COUNSEL

C. Henry Ekweani and Ijeamaka Ekweani, Columbia, MD
*Plaintiffs/Appellants*

Aldrige/Pite, LLP, Phoenix
By Laurel I. Handley
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding
Judge Kenton D. Jones and Judge Randall M. Howe joined.

**K E S S L E R**, Judge:

**¶1**　　　C. Henry Ekweani and Ijeamaka Ekweani (collectively "Ekweanis") appeal the superior court's grant of summary judgment in favor of CitiMortgage, Inc. ("CitiMortgage") and CR Title Services, Inc. ("CR Title") (collectively, "Appellees"), and the award of Appellees' attorneys' fees. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY[1]**

**¶2**　　　Mr. Ekweani obtained a loan from Equity Services Inc., ("ESI"); the loan was reflected in a promissory note secured by a deed of trust, executed by the Ekweanis, encumbering real property in Phoenix, Arizona (the "Property"). The loan went into default in January 2009.

**¶3**　　　In June 2009, the deed of trust was assigned to Appellee CitiMortgage, and Appellee CR Title was appointed as successor trustee. CR Title issued a Notice of Trustee's Sale to foreclose the deed of trust, scheduling the sale for October 5, 2009. On September 29, however, Mr. Ekweani filed a chapter 7 petition for bankruptcy. That proceeding effectively ended September 26, 2012, when the bankruptcy court granted summary judgment in favor of Appellees on the Ekweanis' amended adversary complaint. On October 5, 2012, Appellees cancelled the previously-recorded Notice of Trustee's Sale. Also on October 5, Mrs. Ekweani filed a chapter 13 petition for bankruptcy. That proceeding was dismissed on November 15, 2012.

**¶4**　　　In February 2013, Quality Loan Service Corporation ("QLS") was substituted as trustee under the deed of trust. On February 8, 2013, QLS recorded a Notice of Trustee's Sale, scheduling the sale for May 14, 2013; subsequently, the sale was postponed to August 30, 2013. In the meantime, on May 8, 2013, Mrs. Ekweani filed a new chapter 13 petition for bankruptcy. Appellees moved for relief from the automatic stay; the motion was granted, and the stay was lifted on August 13, 2013.

---

[1]　　　The Ekweanis' statement of facts does not comply with Arizona Rule of Civil Appellate Procedure 13(a)(5). Although we decline to strike the statement of facts on that basis, *see Ashton-Blair v. Merrill*, 187 Ariz. 315, 316 (App. 1996), we rely on the answering brief and our review of the record for our recitation of the facts and procedural background. *See State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1 (App. 1998).

**¶5**      On August 29, 2013, the Ekweanis filed this action and requested an injunction to stay the August 30 sale. The superior court denied the request, and the Property was sold to Ruff Diamond Properties, LLC ("Ruff Diamond") on August 30, 2013.

**¶6**      Thereafter, the Ekweanis filed a second amended complaint (the "Complaint") against QLS, Ruff Diamond, and Appellees alleging claims for (1) declaratory relief to set aside the sale based on rescission, (2) wrongful foreclosure, (3) negligence, (4) quiet title, (5) invasion of privacy/intrusion upon seclusion, (6) declaratory relief to set aside the sale based on lack of notice, and (7) declaratory relief under Arizona Revised Statutes ("A.R.S.") section 33-420 (Supp. 2015).[2] The claims against QLS and Ruff Diamond were dismissed, and Appellees moved for summary judgment on all claims. After briefing and oral argument, the superior court granted the motion, entered a final judgment, and awarded Appellees $20,000 in attorneys' fees. *See* Ariz. R. Civ. P. 54(c). The Ekweanis timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).

## DISCUSSION[3]

**¶7**      A motion for summary judgment should be granted "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). The moving party must produce evidence demonstrating the absence of a genuine issue of material fact and explain why summary judgment is warranted. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 115, ¶ 14 (App. 2008). If the moving party

---

[2]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[3]      The "argument" section of the opening brief does not contain "appropriate references to the portions of the record" on which the Ekweanis rely. ARCAP 13(a)(7)(A). We address the Ekweanis' arguments as best we can discern them, but we consider waived both arguments not supported by adequate explanation, citations to the record, or authority, *see In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013), and those raised for the first time on appeal, *see Amparano v. ASARCO, Inc.*, 208 Ariz. 370, 374, ¶ 13 (App. 2004); *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994). Specifically, on these bases, we consider waived the Ekweanis' argument that CitiMortgage violated A.R.S. § 33-420.

meets its burden, the burden shifts to the nonmoving party to present sufficient evidence demonstrating the existence of a disputed fact. *Id.* at 119, ¶ 26. The nonmoving party cannot rest on its pleadings, but must call to the court's attention evidence to explain why the motion should be denied. *Id.*

**¶8** On appeal, we review *de novo* whether there are any genuine issues of material fact and whether the superior court properly applied the law. *See Parkway Bank & Trust Co. v. Zivkovic*, 232 Ariz. 286, 289, ¶ 10 (App. 2013). We will affirm summary judgment if it is correct on any basis supported by the record. *Mutschler v. City of Phoenix.*, 212 Ariz. 160, 162, ¶ 8 (App. 2006) (citing *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986)).

## I. Rescission of the Loan

**¶9** The Ekweanis argue that the loan had been rescinded pursuant to a March 2011 default judgment entered against ESI by the bankruptcy court ("default judgment"). The interpretation of a judgment is a question of law that we review *de novo*. *Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 10 (App. 2007). We disagree with the Ekweanis.

**¶10** First, the default judgment awarded the Ekweanis damages against ESI pursuant to the Truth in Lending Act, 15 USC § 1601 *et seq.* ("TILA"); it did not provide for rescission of the loan. Indeed, in May 2011, the bankruptcy court dismissed the Ekweanis' TILA claims against Appellees based on failure to plead an ability or intention to tender payment, and violation of the applicable statute of limitations. Second, even if the default judgment required ESI to rescind the loan, at that time ESI did not have an interest in the note; the default judgment did not require CitiMortgage, as assignee of the note and deed of trust, to automatically rescind the loan or terminate its security interest. *See Garcia v. Fannie Mae*, 794 F. Supp. 2d 1155, 1171-72 (D. Ore. 2011) ("The statutory scheme makes it clear that a consumer may sue an assignee to enforce the right of rescission.").

**¶11** Accordingly, summary judgment was properly granted on the Ekweanis' claim that the loan was rescinded.

## II. Validity of the Trustee's Sale

### A. Notice of the Sale

**¶12** The Ekweanis argue that Appellees did not prove they provided notice of the sale. The superior court did not err in granting summary judgment on this issue.

**¶13** When ownership of property is acquired through a deed of trust sale, the trustee's deed raises a presumption of compliance with both the requirements of the deed of trust and the statutes related to the exercise of the power of sale and the conduct of the sale. A.R.S. § 33-811(B).[4] It was the Ekweanis' burden to respond to the motion for summary judgment with evidence to rebut this presumption. *See Thruston*, 218 Ariz. at 119, ¶ 26 ("The non-moving party may not rest on its pleadings; it must go beyond simply cataloging its defenses."). The Ekweanis did not respond with evidence to rebut the presumption under § 33-811(B), and on this basis the motion was properly granted, *see Bank of Yuma v. Arrow Constr. Co.*, 106 Ariz. 582, 585 (1971) ("Allegations in pleadings are not evidence"); *State v. Grounds*, 128 Ariz. 14, 15 (1981) (stating that evidence consists of "sworn affidavits, stipulated facts, depositions, and oral testimony").

**¶14** Moreover, a trustor who does not obtain injunctive relief before a trustee's sale waives all pre-sale defenses and objections except lack of notice of the sale.[5] A.R.S. § 33-811(C) (2014); *see BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶¶ 9-11 (2012); *Madison v. Groseth*, 230 Ariz. 8, 13, ¶ 15 (App. 2012). The Ekweanis do not dispute a notice of trustee's sale was recorded in February 2013; they argue, however, that Appellees failed to prove QLS mailed them notice of the trustee's sale. *See* A.R.S. § 33-808(A)(2) (2015). But even if the trustee does not comply with the mailing requirements of § 33-809, the waiver provision of § 33-811(C) applies to a trustor who receives sufficient notice of the sale to allow adequate time to seek an injunction. *Madison*, 230 Ariz. at 12-13, ¶12. The Ekweanis had actual notice of the trustee's sale, and sought an injunction.[6]

---

4      A.R.S. § 33-811(B) provides, in relevant part:
     The trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale.

5      A trustee is required to give written notice of the time and place of sale including: recording notice, giving notice as provided in § 33-809, posting a copy of notice, and publication. A.R.S. § 33-808(A)(l)–(4).

6      The superior court denied the request for injunctive relief in part because the Ekweanis "did not persuasively, or even coherently, explain why they . . . did not seek this remedy in this particular court until now."

However, because the Ekweanis were unsuccessful in their efforts to enjoin the trustee's sale, they waived "any claims that are dependent on the sale."[7] *Morgan AZ Fin., L.L.C. v. Gotses*, 235 Ariz. 21, 23-24, ¶ 7 (App. 2014); *see Madison*, 230 Ariz. at 13, ¶ 15.

### B. Bankruptcy Stay

**¶15** The Ekweanis argue that the trustee's sale violated the bankruptcy stay because postponement of the sale during the pendency of Mrs. Ekweani's bankruptcy was unlawful. *See* A.R.S. § 33-810(B) (2014).[8] The superior court did not err in rejecting this argument.

**¶16** The Ekweanis do not dispute "a creditor may continue a trustee's sale post-petition where all preliminary steps, other than the sale itself, have taken place." *In re Willman*, 192 B.R. 207, 209 (Bankr. D. Ariz. 1996). They contend, however, "all preliminary steps"—*i.e.*, notice of default and notice of sale—had *not* taken place before May 8, 2013, when the automatic stay in Mrs. Ekweani's bankruptcy went into effect. With that, they assert that any pending pre-sale filings became a nullity with the entry of the automatic stay, thereby requiring Appellees to begin again if they were subsequently entitled to pursue a trustee's sale of the property. However, "[o]nce the bankruptcy is dismissed, bankruptcy law returns the parties to the *status quo ante,* at which time Arizona deed of trust law, not bankruptcy law, applies." *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 289, ¶ 25 (App. 2000). The Ekweanis do not argue that Appellees failed to comply with § 33-810(B) when they postponed the sale, *see Id.*, and the Ekweanis' pre-sale defenses or objections to the sale were waived pursuant to § 33-811(C), *see Madison*, 230 Ariz. at 13, ¶ 15.

---

[7] The Ekweanis also argue that, pursuant to the deed of trust, CitiMortgage was required to give notice of default and opportunity to cure. This pre-sale defense or objection to the sale was waived pursuant to A.R.S. § 33-811(C). *See Madison*, 230 Ariz. at 13, ¶ 15.

[8] A.R.S. § 33-810(B) provides, in relevant part:
The person conducting the sale may postpone or continue the sale from time to time or change the place of the sale to any other location authorized pursuant to this chapter by giving notice of the new date, time and place by public declaration at the time and place last appointed for the sale.

**¶17** Accordingly, summary judgment was properly granted on the Ekweanis' claim that the trustee's sale was invalid.

## III. Attorneys' Fees

**¶18** The superior court awarded Appellees attorneys' fees under A.R.S. § 12-341.01 (2016) and found $20,000 to be a reasonable amount. On appeal, the Ekweanis argue that the record does not support the award.

**¶19** We review an award of attorneys' fees for abuse of discretion. *Geller v. Lesk*, 230 Ariz. 624, 627, ¶ 8 (App. 2012). "An abuse of discretion occurs when there is no evidence to support a holding or the court commits an error of law when reaching a discretionary decision." *Dowling v. Stapley*, 221 Ariz. 251, 266, ¶ 45 (App. 2009).

**¶20** Any attorneys' fees award must be reasonable. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187 (App. 1983). When analyzing an application for attorneys' fees, the superior court must determine whether the hourly billing rate and the hours expended are reasonable. *Id.* Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees. *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 223, ¶ 29 (App. 2012).

**¶21** Appellees' fee application disclosed the type of legal services provided, the dates the services were provided, the attorney providing the service, and the time spent thereon with sufficient details so the superior court could assess the reasonableness of the time incurred. *See Schweiger*, 138 Ariz. at 188. Therefore, the burden shifted to the Ekweanis to demonstrate the impropriety or unreasonableness of the requested fees. *See Assyia*, 229 Ariz. at 223, ¶ 29. They have not done so. Accordingly, the superior court did not err in awarding Appellees attorneys' fees.

## CONCLUSION

**¶22**        For the foregoing reasons, we affirm the summary judgment in favor of Appellees. Additionally, we will award Appellees reasonable attorneys' fees incurred on appeal and taxable costs on appeal upon timely compliance with Ariz. Rules of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA