NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SHAHID SHAWN HAMEED, et al., *Plaintiffs/Appellees*,

*v.*

ISHO PETROLEUM, LLC, *Defendant/Appellant*.

No. 1 CA-CV 22-0598
FILED 5-16-2023

Appeal from the Superior Court in Maricopa County
CV2022-003915
The Honorable Randall H. Warner, Judge

**VACATED AND REMANDED**

COUNSEL

Degnan Law Group, Phoenix
By David W. Degnan, Mark W. Horne, Casey C. Dempsey
*Counsel for Defendant/Appellant*

Iannitelli Marcolini, P.C., Phoenix
By Claudio E. Iannitelli
*Counsel for Plaintiffs/Appellees*

## MEMORANDUM DECISION

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

**K I L E Y**, Judge:

¶1        Isho Petroleum, LLC ("Isho") appeals from the superior court's denial of its request for an award of attorney fees incurred in securing the dismissal of a complaint filed by Shahid Shawn Hameed and Salman Rasheed ("Plaintiffs"). For the following reasons, we vacate the superior court's ruling and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2        After Plaintiffs agreed to buy, from Isho, a gas station and the land it sits on, the parties set forth the purchase terms in two separate contracts (the "Agreements"). The first is the Business Assets Purchase Agreement ("BAPA") governing the sale of the gas station, while the second is the Commercial Real Estate Purchase Contract ("CRPC") governing the sale of the underlying land.

¶3        The BAPA and the CRPC are similar in many respects. Both contracts, for example, contain mandatory fee-shifting provisions entitling the party that prevails in contract enforcement proceedings to an award of reasonable attorney fees and costs.[1]

---

[1] The BAPA provides, in pertinent part:

> Should Buyer, Seller, Broker, or Broker's agents[] file an action . . . to enforce any right or rights arising under this [BAPA], the party prevailing in such action shall be entitled to recover reasonable attorney's fees and all costs and expenses incurred incidental to the successful prosecution or defense of any such action.

The CRPC similarly provides:

**¶4** The two contracts contain material differences as well. Of relevance here, the CRPC contains an alternative dispute resolution ("ADR") clause that requires the parties to engage in mediation of any dispute prior to seeking judicial relief, while the BAPA contains no comparable provision.[2] Additionally, the BAPA contains an order-of-precedence clause providing that, "[i]n the event of a conflict between the terms of the [BAPA] and the [CRPC], the terms of this [BAPA] shall control."

**¶5** When a dispute arose during the escrow process, Plaintiffs filed a complaint against Isho asserting alternative claims for damages and specific performance. Isho filed a motion to dismiss, asserting that the court lacked subject matter jurisdiction because the parties had not yet complied with the CRPC's ADR clause by engaging in mediation. In response, Plaintiffs asserted that their claims were not subject to mediation under the CRPC's ADR clause because, by virtue of the BAPA's order-of-precedence clause, the BAPA, not the CRPC, governs their dispute, and the BAPA contains no ADR clause. Plaintiffs also stated, however, that they would agree to stay the case and mediate.

**¶6** The superior court granted Isho's motion and dismissed the case without prejudice, holding that "Plaintiffs filed this lawsuit prematurely" because the parties had not yet engaged in mediation. Noting that the CRPC's ADR clause mandates mediation as a condition precedent to litigation, the superior court found that the absence of a comparable ADR

If Buyer or Seller files suit against the other to enforce any provision of this Contract or for damages sustained by reason of its breach, all parties prevailing in such action, on trial and appeal, shall receive their reasonable attorney's fees and costs as awarded by the court.

[2] The CRPC provides as follows:

**Mediation:** Buyer and Seller agree to mediate any dispute or claim arising out of or relating to this Contract, any alleged breach of this Contract, or services provided in relation to this Contract, claims for Earnest Money or representations made by the Buyer or Seller in connection with the sale, purchase, financing, condition, or other aspect of the Property to which this Contract pertains, including, without limitation, allegations of concealment, misrepresentation, negligence and/or fraud before resorting to court action.

provision in the BAPA did not create a "conflict" between the two Agreements that would trigger application of the BAPA's order-of-precedence clause.

¶7        The superior court denied Isho's request for an award of attorney fees, however, concluding that "there is no prevailing party here because the merits of the dispute have not been adjudicated."

¶8        After denying Isho's subsequent motion for reconsideration, the superior court entered judgment. Isho appealed the denial of its fee request. Plaintiffs filed a notice of cross-appeal, which they later withdrew. We have jurisdiction over Isho's appeal under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶9        A contractual fee-shifting provision will be enforced according to its terms. *Geller v. Lesk*, 230 Ariz. 624, 627, ¶ 10 (App. 2012). Interpretation of a contractual provision, including a fee-shifting provision, is a question of law that we review *de novo*. *See Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 133, ¶ 31 (App. 2012).

¶10        Isho argues that the superior court abused its discretion in denying its fee request, citing *Britt v. Steffen*, 220 Ariz. 265 (App. 2008), for the proposition that, when a contract action "has been dismissed without prejudice, the defendant is still considered a 'successful party' for purposes of A.R.S. § 12-341.01(A) even though such a dismissal does not operate as an adjudication upon the merits." *Id.* at 267, ¶ 9.

¶11        In response, Plaintiffs "concede" that the superior court "incorrectly found that a dismissal without prejudice is not a decision on the merits for purpose of a fee award." They nonetheless assert that the court reached the correct result in denying Isho's fee request because the Agreements provide for the award only of "reasonable" fees, and, Plaintiffs contend, Isho "did not incur any 'reasonable' attorney's fees." Plaintiffs explain that they had agreed to stay the litigation and engage in mediation as soon as Isho's counsel raised the issue, and that Isho acted unreasonably in filing a motion to dismiss instead of accepting Plaintiffs' offer to stay the litigation. Because they had agreed to a stay pending mediation of the parties' dispute, Plaintiffs conclude, Isho's efforts to secure the dismissal of the case were "completely superfluous," and the fees associated with securing the dismissal "were unreasonably incurred and therefore not recoverable in any amount."

¶12 Because the parties do not dispute that Isho's success in securing the dismissal of the complaint entitles it to "prevailing party" status under the Agreements, we need not address that question further. Instead, we turn to Plaintiffs' argument that the superior court's refusal to award Isho fees should be affirmed on the alternative ground that the fees Isho claimed were incurred needlessly, and so were not "reasonable" fees within the meaning of the Agreements' fee-shifting provisions.

¶13 A court "lacks discretion to deny a fee award" to the party that prevails in a contract dispute if such an award is mandated by "the terms of the parties' contract." *Murphy Farrell*, 229 Ariz. at 133, ¶ 32. Because the prevailing party is only entitled to recover "reasonable" fees, however, a court must disallow all requested fees in excess of a reasonable amount. *See Tucson Ests. Prop. Owners Ass'n v. Jenkins*, 247 Ariz. 475, 478, ¶ 10 (App. 2019) ("[A] contractual provision providing for an award of *unreasonable* attorneys' fees will not be enforced.") (citation omitted). If the prevailing party incurs fees in an amount greater than necessary in light of the result obtained, the court must reduce the fee award accordingly. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 189 (App. 1983) ("Where a party has achieved only partial or limited success . . . it would be unreasonable to award compensation for all hours expended[.]"). It follows that if *none* of the fees incurred by the prevailing party were reasonably or necessarily incurred, then the reasonable amount of a fee award is zero dollars. *See Farrar v. Hobby*, 506 U.S. 103, 117 (1992) (O'Connor, J., concurring) ("[T]he reasonable fee" for "a Pyrrhic victory" is "zero."). The fact that Isho is the "prevailing party" under the Agreements did not, therefore, require the superior court to award fees to Isho if the court determined that Isho's requested fees were wholly unreasonable.

¶14 Although Plaintiffs "concede" that the superior court "incorrectly found" that a fee award was unavailable as a matter of law, Plaintiffs ask that we affirm the superior court's denial of Isho's fee request on the alternative ground that "the record supports a finding that all of the attorneys' fees" Isho sought "were unreasonably incurred and therefore not recoverable in any amount." We decline Plaintiffs' invitation to determine, in the first instance, whether Isho acted unreasonably in pursuing dismissal of the case in lieu of accepting their offer of a stay pending mediation. Such a determination should be left to the superior court, which is better positioned to do so. *See Chase Bank of Ariz. v. Acosta*, 179 Ariz. 563, 574 (App. 1994) (stating that an appellate court will defer to a superior court's fee award in part because of "the trial court's superior understanding of the litigation") (cleaned up). We will, therefore, remand this matter with

directions that the superior court determine the amount of fees, if any, that Isho reasonably incurred in securing the dismissal of this case.

**¶15**      Isho requests an award of fees on appeal. Because the superior court has not yet determined the extent to which Isho reasonably incurred fees in litigating its motion to dismiss, we cannot determine the reasonableness of the fees Isho has incurred in pursuing this appeal. Accordingly, in our discretion, we will leave to the superior court the determination of the reasonable amount of fees Isho has incurred on appeal. *See Murphy Farrell*, 229 Ariz. at 134, ¶ 38 (remanding with instructions for superior court to resolve remaining claims and holding that, because prevailing party had not yet been determined, the superior court should make that determination and then "award the prevailing party reasonable attorney's fees expended on appeal").

## CONCLUSION

**¶16**      We vacate that portion of the judgment denying Isho's attorney fees claim and remand to the superior court for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA