NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JENNIFER STUCKY, *Plaintiff/Appellant,*

*v.*

TJC TRAINING, LLC, et al., *Defendants/Appellees.*

No. 1 CA-CV 22-0540
FILED 10-3-2023

Appeal from the Superior Court in Maricopa County
No. CV2018-007718
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Jennifer Stucky, Fairfield, OH
*Plaintiff/Appellant*

Michael C. Van, Las Vegas, NV
By VC2 Law
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1          Jennifer Stucky challenges the superior court's ruling enforcing a settlement agreement between herself, TJC Training, LLC ("TJC"), and Gerald and Maryann Acuff.  Because that agreement is binding, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Stucky sued TJC, the Acuffs, and Anthony Capullo in 2018 seeking either damages or a declaration that she owned 15 percent of TJC. Capullo was dismissed from the case after a bankruptcy discharge.  The claims against TJC and the Acuffs (collectively "Defendants") proceeded to a jury trial, where Stucky represented herself.

¶3          On day three of the trial, the parties told the court they wanted to settle the case.  The court responded that the settlement terms must be certain, stressing, "I won't agree for you guys to have a tentative settlement here with the understanding that if it breaks down, you're coming to come back for a second jury trial."  After excusing the jury, the court encouraged the parties to "continue to talk," advising:

> If you reach some sort of a resolution and you want to put it on the record to make what's called a Rule 80(a) settlement agreement, let me know.  What I would do in that situation is I would have one of you state for the record what the agreement is and then I would ask the other one, do you agree with that agreement, and then I make a formal record and we have at least the—the FTR recording of what that settlement would be.

¶4          Representing herself, Stucky asked the court to repeat the rule.  The court answered that the rule says "in the event the parties reach a resolution, it's final and binding if placed on the court record or in writing."

**¶5**        After lunch, defense counsel announced that "the parties have come to a tentative resolution." The attorney read 13 terms of the settlement agreement aloud. Stucky occasionally chimed in to add or clarify the terms. The court then turned to Stucky and asked, **"**Ms. Stucky, have you heard what's been said and are you in agreement with that?" Stucky replied, "Reluctantly, but yes." The court then asked Stucky a second time, "But, Ms. Stucky, just so we're clear on the record, you agree; is that correct?" Stucky said, "Yes." Defense counsel told the court he would prepare a draft TJC operating agreement that conformed to the terms of settlement by June 1, 2021.

**¶6**        The court declared a Rule 80(a) settlement, finding "the parties have knowingly, voluntarily entered into that agreement," which the court confirmed in a minute entry, "approving and adopting the settlement terms recited on the record as a binding agreement pursuant to Rule 80(a)." Given the settlement, the superior court vacated the remainder of trial. The parties agreed the superior court would retain jurisdiction to resolve any "disputes over reaching the agreement."

**¶7**        When the dust settled, Stucky refused to sign the written operating agreement. She filed several motions, which the superior court described as "lengthy" and "increasingly denigrating," seeking relief from the settlement agreement. The court heard oral argument on Stucky's motions and denied each, granting the defendants' motion to enforce the settlement agreement.

**¶8**        Stucky moved unsuccessfully for relief from the judgment and now appeals. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

**¶9**        Stucky disavows the settlement agreement on appeal, arguing it was only "tentative" and never binding under Rule 80. We review de novo the enforceability of a settlement agreement, *Robertson v. Alling*, 237 Ariz. 345, 347, ¶ 8 (2015), using general principles of contract interpretation, *Emmons v. Superior Court*, 192 Ariz. 509, 512, ¶ 14 (App. 1998). We review de novo the application of court rules. *Haroutunian v. ValueOptions, Inc.*, 218 Ariz. 541, 549, ¶ 22 (App. 2008).

**¶10**        Arizona Rule of Civil Procedure 80(a) directs that a settlement agreement is binding and enforceable if either (1) in writing or (2) made orally in open court and entered in the minutes. *See* Ariz. R. Civ. P. 80(a).

**¶11**       Here, the parties reached an agreement on the third day of trial, which they memorialized on the record in open court.  The court explained the meaning of Rule 80(a) to Stucky, and twice asked Stucky to confirm her agreement.  Stucky did so.  The court then "declare[d] a Rule 80(a) settlement," which the court enshrined in a minute entry.  That agreement is binding.

**¶12**       Stucky cleaves to the adjective "tentative," but the "tentative" agreement was no longer tentative after Stucky accepted its terms.  *See* Ariz. R. Civ. P. 80(a).  Nor does Stucky's subjective perception of finality defeat her objective manifestation of assent.  *See Hill-Shafer P'ship v. Chilson Fam. Tr.*, 165 Ariz. 469, 474 (1990); *see also Althaus v. Cornelio*, 203 Ariz. 597, 601, ¶ 15 (App. 2002) (oral agreements still binding if they anticipate a written document memorializing the terms).

**¶13**       We also reject Stucky's subordinate arguments, including discovery violations, fraud, lack of mutual assent, attorney misconduct, "violence" to the agreement's terms, and attorney fee awards.  Having settled the case, Stucky cannot relitigate it here, *see Emmons*, 192 Ariz. 509 at ¶ 18, and she has not offered clear and convincing evidence of mutual mistake or fraud, *see Nelson v. Rice*, 198 Ariz. 563, 566, ¶ 7 (App. 2000).  The record also reflects the amended operating agreement complied with the settlement terms.  The court did not err in enforcing the settlement agreement.

### Attorney Fees

**¶14**       Stucky challenges the superior court's attorney fee award, citing the Rule 80(a) settlement provision that "with regard to this litigation, each side will bear its own costs and attorney's fees."  She cites caselaw stating that a contractual fee provision can preclude an award under A.R.S. § 12-341.01(A).  *See, e.g., Geller v. Lesk*, 230 Ariz. 624, 627, ¶ 9 (App. 2012) (citing *Connor v. Cal-Az Props, Inc.*, 137 Ariz. 53, 55 (App. 1983)).[1]  But the superior court also based its award on A.R.S. § 12-349(A), and Stucky cites no authority suggesting a contractual fee provision can preclude the court from awarding fees under that statute.  She also does not challenge the

---

[1]       Our supreme court later held that § 12-341.01(A) applies unless it "effectively conflicts with an express contractual provision governing recovery of attorney's fees."  *American Power Products, Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 368, ¶¶ 13–14 (2017) (quoting *Jordan v. Burgbacher*, 180 Ariz. 221, 229 (App. 1994)).

court's findings that she unreasonably delayed and expanded the proceedings. *See* A.R.S. § 12-349(A)(3).

**¶15** Stucky also contends the superior court erred by not holding an evidentiary hearing on the attorney fee award, but she cites no authority in support and § 12-349 does not require an evidentiary hearing.

**¶16** Stucky next contends the fee award was excessive because the court did not consider the "extensive evidence" of "contradictory, fraudulent, and inflated documentation." We review the amount of the award for an abuse of discretion. *Larkin v. State ex rel. Rottas*, 175 Ariz. 417, 426 (App. 1992). We discern no error here. *See Takieh v. O'Meara*, 252 Ariz. 51, 62, ¶ 39 (App. 2021) ("We may affirm the superior court's [§ 12-349] ruling 'if it is correct for any reason apparent in the record.'") (quoting *Forszt v. Rodriguez*, 212 Ariz. 263, 265, ¶ 9 (App. 2006)).

**¶17** Because she has not prevailed, we deny Stucky's request for her costs. Defendants request their attorney fees on appeal under ARCAP 13(a)(8) and 21, but they offer no statutory basis in support. *See Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 224, ¶ 34 (App. 2012) (discussing ARCAP 21). We therefore deny their fee request, but Defendants may recover their taxable costs incurred in this appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶18** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA